Malinda R. Dickenson, Esq. (SBN 222564)
LAW OFFICE OF MALINDA R. DICKENSON
1220 Rosecrans St., #270
San Diego, California 92106
Telephone: (858) 521-8492
Email: malinda@lawmrd.com

Attorney for Plaintiffs/Petitioners Floyd L. Morrow and Marlene Morrow,
Individually, as taxpayers, and on behalf of those similarly situated

## SUPERIROR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, HALL OF JUSTICE

| | |
|---|---|
| Floyd L. Morrow and Marlene Morrow, individually, as taxpayers of the City of San Diego, State of California, and on behalf of those similarly situated,<br><br>Petitioners/Plaintiffs,<br><br>vs.<br><br>City of San Diego, a charter city, Mandel E. Himelstein, an individual, and DOES 1-100,<br><br>Respondents/Defendants. | Case No. 37-2011-00088456-CU-EI-CTL<br><br>**CLASS ACTION**<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES; TO INVALIDATE PROCEEDINGS; AND PETITION FOR WRIT OF (1) MANDATE, (2) PROHIBITION, AND (3) ADMINISTRATIVE MANDAMUS AND REQUEST FOR STAY<br><br>Judge: Hon. John S. Meyer<br>Dept.: C-61<br>Filed: March 28, 2011 |

Petitioners/Plaintiffs Floyd L. Morrow and Marlene Morrow (hereafter "Plaintiffs" or "the

Morrows"), on behalf of themselves and those similarly situated, request declaratory and injunctive

relief, and damages.  Plaintiffs also bring this action to invalidate proceedings, and petition this

Court for a writ of mandate, prohibition, and administrative mandamus.  In support thereof

Plaintiffs allege as follows:

### OVERVIEW

1.     This action challenges unconstitutional levies imposed by defendant City of San

Diego (hereafter "City") without a vote of the people; and the targeted prosecution of property

owners in certain census tracts in the name of alleviating what a City employee perceives to be

"blight."

LAW OFFICE OF

MALINDA R. DICKENSON

2.    In targeting certain property owners and residents and in imposing unconstitutional levies, the City disregards the limits of its authority under local, state, and federal law; and, as set forth below, has effected a taking of private property with neither compensation nor due process of law.

3.    Plaintiffs bring this action on their own behalf and, with respect to the first and second causes of action, on behalf of the following two classes: (a) a class of all registered voters in the City of San Diego; and (b) a class of all persons who have been ordered to pay administrative costs and/or civil penalties by the City of San Diego in connection with a code enforcement action, including a subclass of persons residing within certain census tracts set forth below.

## PARTIES

4.    The Morrows are a married couple and residents of the City Heights community of the City of San Diego, California, and the owners of certain real property located in City Heights as described below.  The Morrows are taxpayers of the City of San Diego, County of San Diego, and State of California.  Plaintiff Floyd L. Morrow ("Mr. Morrow") was also the general partner for 46th and Olive Project, Ltd, a California Limited Partnership established in 1988.

5.    The City is, and at all times herein mentioned was, a charter city organized and existing as a municipal corporation under the laws of the State of California.  The City of San Diego City Charter (hereafter "City Charter") vests all legislative powers of the City in the City Council of the City of San Diego (hereafter "City Council") and prohibits delegation of that power.  *See* City Charter, Art. III, §§ 11, 11.1.

6.    Plaintiffs are informed and believe and thereon allege that Mandel E. Himelstein ("Mr. Himelstein" or "the Hearing Officer") is an individual and resident of Coronado, California. Plaintiffs are further informed and believe and thereon allege that Mr. Himelstein is not an employee of defendant City, but has a contract with defendant City to act as the City's Administrative Hearing Officer under the purported authority provided in Chapter One of the San Diego Municipal Code ("SDMC").  Plaintiffs are further informed and believe and thereon allege that Mr. Himelstein has acted in the aforementioned capacity regularly and on numerous occasions over the course of many years.

LAW OFFICE OF
MALINDA R. DICKENSON

2

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

7.      The true names and capacities, whether corporate, associate, individual or other, of the defendants sued as Does 1 through 100, inclusive, and each of their roles in this case, are presently unknown to Plaintiffs who therefore sue these defendants by fictitious names pursuant to California Code of Civil Procedure section 474.  Plaintiffs will seek leave to amend this Complaint to reflect the true names and capacities of said defendants when the same have been ascertained, along with their roles and the manner in which each fictitious defendant is responsible.  Plaintiffs are informed and believe and thereon allege that each of said fictitiously named defendants is responsible in some manner for the acts complained of herein.

8.      Wherever, in this Complaint, reference is made to any actions of the City, such allegations shall mean that the directors, officers, employees and/or agent(s) of the City did perform or authorize the alleged acts or actively engage in the management, direction and control of the City and were acting within the course and scope of their employment.

9.      Wherever appearing in this Complaint, each and every reference to Defendants, and to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

10.     Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, each of the defendants was an agent, officer, director, employee, assignor, assignee and/or associate of each of their co-defendants, and was at all times acting within the scope of such capacity with the full knowledge and consent of each said co-defendant, and/or as a single economic enterprise.

### THE PROPERTIES

11.     The Morrows are the owners of certain real property in the City Heights, including a duplex commonly known as 2804 46th Street San Diego, California 92105 and 2806 46th Street, San Diego, California 92105, Assessor's Parcel Number 476-392-06 (hereafter "APN-06").  Since 2006, the Morrows have resided at 2804 46th Street, and have rented 2806 46th Street, at affordable rents, to tenants.  The Morrows are taxpayers of defendant City.

/ / /

LAW OFFICE OF
MALINDA R. DICKENSON

3

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

12. The Morrows also own the land adjacent and to the west of APN-06, commonly known as 4538 Olive Street, California 92105, Assessor's Parcel Number 476-392-05 ("APN-05"); property located adjacent and to the north of APN-06, commonly known as 2814 N. 46th Street, San Diego, California 92105, Assessor's Parcel Number 476-392-07 (hereafter "APN-07"); as well as the land to the north of APN-07, known as Assessor's Parcel Number 476-392-11 (hereafter "APN-11") and Assessor's Parcel Number 476-392-12 (hereafter "APN-12") (hereafter APN-05, APN-06, APN-07, APN-11, and APN-12 are collectively referred to as "the Morrow Property").

13. APN-12 abuts City-owned canyon property known as Assessor's Parcel Number 476-392-09 (hereafter "City Property APN-09") which is located just to the north of APN-12. A certified copy of the Assessor's Parcel Map depicting the above-mentioned properties is attached to the original complaint filed in this action as Exhibit A.

14. All the above-mentioned properties are part of a 1905 subdivision called Swan's Addition. Swan's Addition Subdivision Map Number 947 ("Map 947") was accepted and approved by the County of San Diego on or about May 1, 1905. A certified copy of Map 947 is attached to the original complaint filed in this action as Exhibit B.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

15. Documents provided by the City indicate that electrical and building permits were received for APN-06 (where Plaintiffs and their tenants reside) in the late 1950's, and construction was approved "As Built" on January 14, 1966. In other words, construction plans, including but not limited to the setbacks, curbs, curb cuts, front yard, side yard, improvements, etc., were approved and authorized by the City "As Built," forty (40) years before the Morrows moved to 2804 46th Street in their retirement.

16. Plaintiffs are informed and believe and thereon allege that on May 11, 1992, the City Heights Project Area was adopted as a Redevelopment Area in the City of San Diego, and that the Morrow Property and City Property APN-09 are included in the Redevelopment Area. Plaintiffs are further informed and believe and thereon allege that the City Heights Project Area has been amended from time to time, including on November 28, 1994, March 5, 1996, November 14, 2000, and on July 18, 2006. Although Plaintiffs are informed and believe that the Morrow Property is

LAW OFFICE OF
MALINDA R. DICKENSON

4

1  affected, Plaintiffs did not receive the requisite notice regarding the City Heights Project Area

2  amendments.

3      17.   In October, 2007, Mr. Morrow wrote to the City and requested an exchange of APN-

4  12 (the land abutting City Property APN-09) for other nearby property owned but not used by the

5  City.  The City rejected Mr. Morrow's request for an exchange of real estate assets.

6      18.   In 2008, Mr. Morrow ran for the public office of Mayor of the City of San Diego.

7  During the campaign, Mr. Morrow exercised his First Amendment Constitutional right of free

8  speech, speaking publicly in support of his ideas and the need for change at City Hall.  Incumbent

9  Mayor Jerry Sanders was reelected on June 3, 2008.

10     19.   Plaintiffs are informed and believe, based on their review of documents provided by

11 the City, that on or about January 21, 2009, the City opened a purported "code enforcement" case

12 with respect to APN-11.  Plaintiffs are further informed and believe that the purported "code

13 enforcement" case was opened "proactively," that the City was not responding to a citizen

14 complaint, and was instead acting on its own accord.  At this time no contact or notice whatsoever

15 was made or provided to Plaintiffs regarding the purported "code enforcement" case.

16     20.   Plaintiffs are informed and believe that on June 19, 2009, the Fourth Implementation

17 Plan for the City Heights Redevelopment Plan for the Period July 2009-June 2014

18 ("Implementation Plan") was adopted by the Redevelopment Agency of the City of San Diego (the

19 "Agency").  Although Plaintiffs are informed and believe that the Morrow Property is affected by

20 the Implementation Plan, Plaintiffs did not receive the requisite notice of the Implementation Plan

21 or its consideration by the Agency.

22     21.   On or about September 24, 2009, Plaintiffs applied to the City, through its Housing

23 Commission, for a City Heights Redevelopment HELP Loan (hereafter "the HELP loan") for roof,

24 windows, and fencing improvements (hereafter "the HELP loan improvements").

25     22.   Plaintiffs are informed and believe and thereon allege that on or about November 5,

26 2009, a Memorandum of Understanding Between Economic Development Division's Community

27 Development Block Grant Program and Neighborhood Code Compliance Department was executed

28 by Beth Murry, Economic Development Deputy Director and Robert Vacchi, Neighborhood Code

LAW OFFICE OF
MALINDA R. DICKENSON

5

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

1   Compliance Deputy Director (hereafter "the MOU").  Plaintiffs are informed and believe and

2   thereon allege that the City purports to act pursuant to the MOU in conducting the actions referred

3   to herein.  Plaintiffs are further informed and believe and thereon allege that the City purports to be

4   authorized and empowered to "target blight in certain areas" of the City, including City Heights and

5   other low to moderate income areas, by seeking out and prosecuting property owners in those

6   certain areas.

7        23.    Plaintiffs are informed and believe, based on documents provided by the City, that

8   by December, 2009, the City had expanded its "proactive" search for violations on the Morrow

9   Property from APN-11, to at least also APN-07 and APN-06.  Still, almost a year after the

10  purported "code enforcement" case had been opened on APN-11, the City did not disclose to

11  Plaintiffs that any part of the Morrow Property was being targeted to "alleviate blight."

12       24.    On January 26, 2010, having learned that the City had first lost and then denied the

13  Morrow's application for a HELP loan, Mr. Morrow wrote to the City, through its Housing

14  Commission, questioning the basis for the denial. On March 25, 2010, Plaintiffs received

15  notification that their HELP loan application had been reconsidered and had been approved.

16  Thereafter, notwithstanding Plaintiffs' multiple attempts to obtain any requisite permits to complete

17  the HELP loan improvements, the City failed and refused to provide any information regarding -

18  much less to process - permits.

19       25.    On or about June 3, 2010 the City issued a Civil Penalty Notice and Order ("6/3/10

20  CPNO") for the location "2806 46th Street."  2806 46th Street was the street address for the

21  Morrows' tenant who, at that time, ran a licensed day care facility out of the home.  Plaintiffs did

22  not receive the 6/3/10 CPNO until weeks later.

23       26.    On or about June 4, 2010 the City issued a Civil Penalty Notice and Order ("6/4/10

24  CPNO") for the location "2800 46th Street."  (The 6/3/10 CPNO and the 6/4/10 CPNO are hereafter

25  collectively referred to as "the CPNOs".)  2800 46th Street is not an address recognized by the

26  United States Postal Service or Plaintiffs.  Plaintiffs did not receive the 6/4/10 CPNO until weeks

27  later.

28  / / /

LAW OFFICE OF
MALINDA R. DICKENSON

6

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

27.     Despite having been making repeated efforts to talk to someone at the City who could tell them what was required of them for their HELP loan improvements, and in general, by the time Plaintiffs received the CPNOs Plaintiffs had only days in which to "comply."  Other than a conversation with City representative Kim Wallace about APN-11, and a comment by City representative Eric Picou that he had "an inkling" that there were violations on other parts of the Morrow Property, Plaintiffs' efforts to determine what was required of them were met with unreturned phone calls and rejection.

28.     Still, the Morrows kept trying.  On or about June 24, 2010, the Morrows attempted to file a General Application with the City, and were passed around from representative to representative until finally being told that their application could not be processed because of the purported "code enforcement" case.  Immediately, Plaintiffs did as instructed and made multiple unsuccessful attempts to reach a "code enforcement" representative.

29.     Exasperated, on or about June 29, 2010, Mr. Morrow wrote a letter requesting an extension of time so that all issues set forth in the CPNOs could be resolved amicably and without further wasting resources.  When Plaintiffs finally made contact with a "code enforcement" representative, the City explained that a Civil Penalty hearing was Plaintiffs' only opportunity to present the facts, and subsequently mailed Plaintiffs a Notice of Civil Penalty hearing.  Based on the City's testimony, Plaintiffs are informed and believe and thereon allege that the City's policy is to summarily deny requests for extensions of time for CPNOs; and that the purpose for this policy is to ensure that daily penalties continue to accrue.

30.     Notwithstanding Plaintiffs' continued efforts both before and after receiving notice of the Civil Penalty hearing to ascertain and resolve the City's accusations and demands, the City kept prosecuting.

31.     The Civil Penalty hearing commenced on October 14, 2010 and continued on October 21, 2010, November 15, 2010, and November 30, 2010.  The City presented its case for the majority of the first two sessions, and then again for the second half of the third hearing.  When Plaintiffs attempted to present their case, the tape recorder suddenly was not running.  When they attempted to present their case for a second time – this time on the record - they were continuously

LAW OFFICE OF
MALINDA R. DICKENSON

7

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

1    and repeatedly interrupted by City representative Melody Negrete, the Hearing Officer, and others.

2    At the end of the fourth session, the Hearing Officer conceded that he was more confused than ever:

3    he asked the City to indicate clearly, in writing, exactly what alleged violations remained and what

4    laws provided the basis for the remaining violation(s).  The City agreed to do so by December 17,

5    2010.

6         32.     Instead of following the Hearing Officer's instruction, on December 23, 2010, the

7    City provided a list of demands, some which were included in the CPNOs which were the purported

8    basis for the Civil Penalty hearing, and most which were new.  With respect to APN-06, the City

9    made demands that were not set forth in the CPNO that purportedly formed the basis for the Civil

10   Penalty hearing, including demands contrary to Plaintiffs' vested rights, and demands that the City

11   had prevented Plaintiffs from doing for months.  With respect to APN-11, the City explained in

12   writing what it had stated at the hearing in no uncertain terms: "The lot must remain vacant at all

13   times."

14        33.     Plaintiffs responded as best they could in light of the ever-changing, baseless, and

15   hypocritical demands by the City, but they were never provided "the opportunity to be heard at a

16   'meaningful time and in a meaningful manner'."  *Matthews v. Eldridge* (1976) 424 U.S. 319, 333.

17        34.     Nevertheless, Plaintiffs are informed and believe and thereon allege that on or about

18   February 15, 2011, the Hearing Officer executed a Civil Penalty Administrative Order (the "Penalty

19   Order") and presented it to the City.  The Penalty Order was made without authority and is

20   contradicted by the evidence, the law, and even the Hearing Officer's own findings.  In addition to

21   making an unauthorized and unlawful Order, the Penalty Order imposed exactions of $2,250.00,

22   $9,000.00, $6,750.00, $15,750.00, $2,303.32, as well as substantial certain other sums in unknown

23   amounts (hereafter collectively "the Levies"), and required Plaintiffs to "develop" their property.

24        35.     Subsequently, the City invoiced Plaintiffs in the following amounts: (1) $2,303.32

25   "due March 30, 2011"; (2) $2,250.00 "due April 15, 2011"; and (3) $6,750.00 "due May 1, 2011."

26        36.     Although denied the opportunity to be heard at a meaningful time and in a

27   meaningful manner, all of the issues presented in this action which are required by law to be

28   brought to the attention of Defendants during the administrative review process, if any, have been

LAW OFFICE OF

MALINDA R. DICKENSON

8

1 brought to the attention of Defendants during the administrative review process.  Among other

2 things, Plaintiffs provided testimony, submitted written comments and supporting factual materials

3 detailing the true circumstances and the corresponding unlawful nature of enforcement action.

4 <div align="center">**CLASS ALLEGATIONS**</div>

5      37.    Plaintiffs bring the first and second causes of action on behalf of themselves and as

6 representatives of the following classes:

7      (a)    A class consisting of all registered voters in the City of San Diego; and

8      (b)    A class consisting of all persons who have been ordered to pay administrative costs

9 and/or civil penalties by the City of San Diego in connection with a code enforcement action,

10 including a subclass of persons residing and/or owning property within the following census tracts:

11 •   District 2:     51.00, 52.00, 53.00, 56.00, 57.00, 58.00, 59.00, 65.00, 66.00, 75.01

12 •   District 3:     9.00, 10.00, 11.00, 12.00, 13.00, 15.00, 16.00, 17.00, 18.00, 21.00, 22.01,

13       22.02, 23.01, 23.02, 24.01, 24.02, 25.01, 25.02, 26.01, 26.02, 28.03, 34.01, 44.00, 56.00

14 •   District 4:     27.06, 30.04, 31.01, 31.03, 31.11, 31.12, 32.01, 33.01, 33.02, 33.03, 34.01,

15       34.03, 34.04, 35.01, 35.02

16 •   District 5:     83.59, 94.00

17 •   District 6:     86.00, 87.01, 88.00, 91.02, 92.01

18 •   District 7:     27.02, 27.03, 27.07, 27.08, 27.09, 27.10

19 •   District 8:     36.01, 36.02, 36.03, 39.01, 39.02, 40.00, 41.00, 45.01, 45.02, 46.00, 47.00,

20       48.00, 49.00, 50.00, 51.00, 100.05, 100.09, 100.10, 100.12, 100.13, 101.03, 101.06, 101.07,

21       101.11, 101.12, 133.08

22      38.    The first and second causes of action seek declaratory and injunctive relief, and the

23 second cause of action also seeks damages.  Excluded from the class are Defendants, members of

24 Defendants' immediate families, officers, directors, employees of Defendants and any subsidiary

25 affiliate entity in which a Defendant has a controlling interest, and the legal representatives, heirs,

26 successors and assigns of any excluded person or entity.

27      39.    Plaintiffs' claims are typical of the claims of the class because plaintiffs and all class

28 members have an actual controversy with Defendants, are threatened with injury, and/or have been

LAW OFFICE OF
MALINDA R. DICKENSON

9

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

injured as a result of Defendants' conduct as alleged herein.

40.     Plaintiffs are representative parties who will fully and adequately protect the interest of the class members.  Plaintiffs have no interests which are contrary to or in conflict with those of the class they seek to represent.  The number and identity of the members of the class are determinable from Defendants' records.

41.     Plaintiffs know of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.  Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the class would be appropriate.

42.     A class action is superior to other methods for the fair and efficient adjudication of litigation, since individual joinder of all members of each class is impracticable.  Even if any class member could afford individual litigation, it would be unduly burdensome to the individual courts.  Individual litigation magnifies the delay and expense to all parties.  By contract, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum would promote judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency.

43.     A class action presents fewer management difficulties than individual litigation, conserves the resources of the parties and the court system and protects the rights of each class member.  Notice of the pendency of any resolution of this action can be provided to class members by mail, print, broadcast, Internet and multimedia publication.  A class action will be more efficient, and save judicial resources and reduce litigation costs.

44.     There is a well-defined community of interests in the questions of law and fact between Plaintiffs and the class.  Questions of law and fact common to the members of the aforesaid classes predominate over any questions which may affect only individual members, in that Defendants have acted on grounds generally applicable to the entire class.  Among the questions of law and fact common to the class are:

        a.     Whether Defendants have imposed a tax without a vote of the people in violation of the California Constitution;

LAW OFFICE OF
MALINDA R. DICKENSON

10

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

1               b.      Whether Defendants failed to comply with California Government Code

2  section 53069.4;

3               c.      Whether Defendants have violated Plaintiffs' and the class members'

4  Constitutional rights to due process and to be free from excessive fines;

5               d.      Whether Defendants have violated the equal protection clause of the United

6  States Constitution;

7               e.      Whether the City has improperly delegated its authority in violation of the

8  City Charter;

9               f.      Whether Defendants' actions result in liability to Plaintiffs and the putative

10  class members;

11               g.      Whether Defendants' conduct was unlawful; and

12               h.      Whether Plaintiffs and the members of the class are entitled to declaratory

13  and injunctive relief.

14       45.     The public interest will be served by obtaining definitive answers to the questions

15  posed by this action.

16

17                        **FIRST CAUSE OF ACTION**

**Waste of Public Funds - Cal. Code Civ. Pro. § 526a**

**(By Plaintiffs, on behalf of themselves and those similarly situated**

18                  **Against Defendant City of San Diego and DOES 1-100)**

19       46.     Plaintiffs hereby refer to and incorporate by reference paragraphs 1 through 45 as

20  though fully set forth herein.

21       47.     Plaintiffs are informed and believe and thereon allege that an actual controversy has

22  arisen and now exists between Plaintiffs and Defendants concerning their respective rights and

23  duties, in that Plaintiffs contend and Defendants dispute the following:

24               A.      The Levies are unconstitutional because they were imposed without a vote of

25  the electorate in violation of the California Constitution.   Plaintiffs are informed and believe and

26  thereon allege that Defendants have imposed a tax for general revenue purposes without a vote of

27  the electorate, and have mischaracterized the purpose for exactions being demanded from Plaintiffs

28  / / /

LAW OFFICE OF
MALINDA R. DICKENSON

11

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

1   and the putative class members in an attempt to circumvent the requirement that imposition of taxes

2   and other charges requires a public vote.

3           B.      The City has imposed purported administrative fines or penalties without

4   complying with the provisions of California Government Code section 53069.4.  Plaintiffs are

5   informed and believe and thereon allege that Defendants have made a violation of the San Diego

6   Municipal Code subject to an administrative fine and penalty without setting forth "by ordinance

7   the administrative procedures that shall govern the imposition, enforcement, collection, and

8   administrative review by the local agency of those administrative fines or penalties."  Plaintiffs are

9   further informed and believe and thereon allege that Defendants have failed to set forth by

10  ordinance administrative procedures which "provide for a reasonable period of time, as specified in

11  the ordinance, for a person responsible for a continuing violation to correct or otherwise remedy the

12  violation prior to the imposition of administrative fines or penalties."   Without complying with the

13  provisions of Section 53069.4, the City has no authority to impose purported administrative fines or

14  penalties.

15          C.      Fees imposed pursuant to Information Bulletin 203 are unconstitutional

16  levies made without a vote of the electorate in violation of the California Constitution.

17          D.      To the extent the City Council has authorized the Mayor, other City

18  employees, and/or non-City employee Hearing Officers, to impose and/or collect administrative

19  fines and penalties without first complying with the provisions of Section 53069.4, and/or to levy

20  fees pursuant to Information Bulletin 203, the City Council has improperly delegated its legislative

21  power.  If the City Council did *not* authorize the Mayor, other City employees, and/or non-City

22  employee Hearing Officers to impose such administrative fines and penalties and/or to levy such

23  fees, then they were exacted without authority.   Plaintiffs are further informed and believe and

24  thereon allege that Defendant City of San Diego is considering further improper delegation of its

25  police power to other third persons or entities in connection with a proposed third party revenue

26  recovery program.

27          E.      The City does not have the authority to "alleviate blight" by targeting

28  property owners in certain census tracts for prosecution.

LAW OFFICE OF
MALINDA R. DICKENSON

12

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

48.    A judicial declaration is necessary and appropriate at this time in order to ascertain the rights and duties of Plaintiffs and the putative class members and Defendants under the law.

49.    Defendants have expended public funds and threaten and will continue to spend public funds for the illegal purposes described herein.  Unless and until enjoined and restrained by order of this court, Defendants actions will cause great and irreparable injury to Plaintiffs and the putative class members in that, among other things, Plaintiffs and the putative class members will lose money and property, and taxpayer funds will be continue to be wasted.

50.    Plaintiffs and the putative class members have no adequate remedy at law for the injuries currently being suffered and that are threatened because it will be impossible to fully compensate Plaintiffs and the putative class members for the threatened injury by payment of damages.

<div align="center">

**SECOND CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**(By Plaintiffs, on behalf of themselves and those similarly situated**
**Against Defendant City of San Diego and DOES 1-100)**

</div>

51.    Plaintiffs hereby refer to and incorporate by reference paragraphs 1 through 50 as though fully set forth herein.

52.    Defendants were, at all times mentioned in this complaint, acting under color of law.

53.    The United States Constitution prohibits the deprivation of life, liberty, or property without due process of law (U.S. Const. Amend. 14, § 1) and gives all people the right to be free from excessive fines (U.S. Const. Amend. 8).  By failing to provide notice and a meaningful opportunity to be heard, or a meaningful opportunity to cure any purported violations of the municipal code before the imposition of administrative costs and/or civil penalties, the Constitutional rights of Plaintiffs and the putative class members were violated.

54.    The United States Constitution also prohibits the denial of equal protection of the laws.  (U.S. Const. Amend. 14, § 1.)  Plaintiffs are informed and believe that low to moderate income households were targeted for a proactive code enforcement program funded with Community Development Block Grant ("CDGB") Entitlement funds awarded by the United States Department of Housing and Urban Development to the City of San Diego, and administered by the

LAW OFFICE OF
MALINDA R. DICKENSON

13

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

1    City's Economic Development Division of the City Planning & Community Investment

2    Department.  By targeting property owners in certain census tracts, Defendants arbitrarily classified

3    Plaintiffs and the putative class members and denied them equal protection of the laws.  Defendants

4    further denied Plaintiffs and the putative class members equal protection of the laws by infringing

5    on the fundamental rights of Plaintiffs and the putative class members to be left alone, to liberty, to

6    be free from excessive fines, and to due process of law.

7           55.     Plaintiffs are informed and believe and thereon allege that they were subjected to a

8    violation of the aforementioned rights as a result of the regulations, customs, practices, and policies

9    of Defendant City of San Diego.  Plaintiffs are further informed and believe and thereon allege that

10   Defendant's regulations, customs, practices, and policies amount to deliberate indifference to

11   Plaintiffs' and the putative class members' constitutional rights.

12          56.     As a direct result of the customs, practices, and policies of Defendant City of San

13   Diego described herein, Plaintiffs and the putative class have incurred costs and expenses and have

14   been damaged in an amount to be proven at trial.

15

16                          **THIRD CAUSE OF ACTION**
                              **Inverse Condemnation**
17             **(By Plaintiffs Against Defendant City and DOES 1-100)**

18          57.     Plaintiffs hereby refer to and incorporate by reference paragraphs 1 through 56 as

19   though fully set forth herein.

20          58.     With respect to APN-06, Plaintiffs were repeatedly prevented from even engaging in

21   the permitting process both to complete their HELP loan improvements and to attempt to comply

22   with the City's accusations and demands.  The permitting division of the City's Development

23   Services Department ("DSD") explained that it would not consider Plaintiffs' applications and

24   could not provide Plaintiffs with any information, and that Plaintiffs should contact the

25   Neighborhood Code Enforcement Division ("NCC") of DSD.  Plaintiffs attempted to do so, and

26   were refused permits and information by NCC as well.  Instead, NCC gave Plaintiffs Notice of a

27   Civil Penalty hearing, and demanded Plaintiffs obtain permits contrary to law and Plaintiffs' long-

28   vested rights, while simultaneously imposing daily exactions.

LAW OFFICE OF
MALINDA R. DICKENSON

14

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

59.     With respect to APN-11, the City has stated in writing and on the record that "the land must remain vacant at all times."  The Penalty Order is in accord and goes even further, requiring Plaintiffs to pay for and "submit a grading permit application and plans for restoration," even though the only evidence is that Plaintiffs did not grade and do not intend to grade.

60.     As a direct and necessary result of (1) the City's refusal to consider any permit applications for or provide any information regarding APN-06, while simultaneously making demands contrary to law and Plaintiffs' long-vested rights, and imposing exactions; and (2) the City's requirement that APN-11 remain vacant, Plaintiffs have been prohibited from making use of their property.  Plaintiffs are informed and believe and thereon allege that both APN-06 and APN-11 have been rendered valueless.

61.     The above-described damage to Plaintiffs' property was proximately caused by Defendants' unauthorized conduct as set forth herein.

62.     As a result of the above-described damage to Plaintiffs' property, Plaintiffs have been damaged in an amount to be proven at trial.

63.     Plaintiffs have received no compensation for the damage to their property.

64.     Plaintiffs have incurred and will incur attorney's, appraisal, and engineering fees because of this proceeding, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of Code of Civil Procedure section 1036.

## FOURTH CAUSE OF ACTION
### To Invalidate Proceedings Pursuant to C.C.P. § 860
### (Against Defendant City and DOES 1-100)

65.     Plaintiffs hereby refer to and incorporate by reference paragraphs 1 through 64 as though fully set forth herein.

66.     The Levies were based upon demands made without authority or legal basis and were made without a vote of the people, contrary to Proposition 218.  In enacting Proposition 218, the people of the State of California declared, "…local governments have subjected taxpayers to excessive tax, assessment, fee and charge increases that not only frustrate the purposes of voter approval for tax increases, but also threaten the economic security of all Californians and the California economy itself. This measure protects taxpayers by limiting the methods by which local

Law Office of
Malinda R. Dickenson

15

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

1  governments exact revenue from taxpayers without their consent." Cal. Const., Art. XIII C, D

2  Note.

3       67.    Defendants' conduct described herein substantially affects the rights of Plaintiffs in

4  that Plaintiffs are being subjected to unconstitutional and otherwise wrongful Levies and related

5  prosecution, and have lost the use of their property.  The unconstitutional Levies should not

6  constitute the basis for a lien on the Plaintiffs' property and any attempt by Defendants to collect

7  the Levies or to record a lien on Plaintiffs' property would be unlawful and improper.

8       68.    This action has been brought within 60 days of the existence of the Levies, the

9  validity of which is challenged pursuant to these proceedings.

10      69.    Defendants' threatened and wrongful conduct as alleged herein, unless and until

11 enjoined and restrained by Order of this Court, will cause great and irreparable injury to Plaintiffs in

12 Plaintiffs are informed and believe and thereon allege that the City intends to continue to attempt to

13 collect on the Levies, including but not limited to recording an enforcement lien, resulting in

14 irreparable financial injury to Plaintiffs.  Plaintiffs are further informed and believe and thereon

15 allege that the City does not provide constitutionally required notice of its enforcement actions and

16 that Plaintiffs would not have a meaningful opportunity to prevent the City from taking further

17 unconstitutional, unauthorized, and damaging action; and that any attempt to do so would be futile.

18      70.    Plaintiffs have no adequate remedy as law for the injuries currently being suffered

19 and which are threatened because the City has misrepresented Plaintiffs' conduct and has

20 mischaracterized the purpose for its demands and the Levies.  For example, while taking the

21 position that Plaintiffs are engaged in "development," the City has failed and refused to provide

22 Plaintiffs with legal or factual support for that position.  Furthermore, it will be impossible for

23 Plaintiffs to determine the precise amount of damage which they will suffer if Defendants' conduct

24 is not restrained in that Plaintiffs are informed and believe and thereon allege that the City will

25 continue to act in excess of its authority in making further unauthorized and unlawful demands of

26 Plaintiffs.

27 / / /

28 / / /

LAW OFFICE OF
MALINDA R. DICKENSON

16

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

**FIFTH CAUSE OF ACTION**
**For Writ of Mandate Pursuant to C.C.P. § 1085**
**(Against Defendant City and DOES 1-100)**

71.     Plaintiffs hereby refer to and incorporate by reference paragraphs 1 through 70 as though fully set forth herein.

72.     A Writ of Mandate may be issued by a court pursuant to California Code of Civil Procedure section 1085 to enforce a nondiscretionary legal duty, to compel an exercise of discretion when there is a legal obligation to act, or to correct an abuse of discretion. Defendants have acted arbitrarily and capriciously, and have failed to proceed in accordance with law.

73.     With respect to APN-11, Defendant has abused its discretion by requiring that the lot "remain vacant at all times." The City has no authority to regulate manufactured homes or interfere with interstate commerce. With respect to APN-06, Defendant abused its discretion by making demands and proceeding contrary to law and Plaintiffs' vested rights and in excess of its own authority, and by refusing to accept permit applications. Defendants have further acted arbitrarily and capriciously and failed to proceed in accordance with law by imposing the Levies without a vote of the people, without a legal basis, and in violation of California law and the California and United States Constitutions.

74.     Plaintiffs have a clear, present, and beneficial right to use their property in accordance with law, and are entitled to the proper performance by Defendant of their duties under the law. Plaintiffs are beneficially interested in the issuance of a Writ of Mandate by virtue of the facts set forth previously, in that Plaintiff will be adversely affected by the unauthorized actions of the Defendants herein challenged.

75.     Plaintiffs have no plain, speedy, or adequate remedy in the ordinary course of law other than the relief herein sought because the Defendants have mischaracterized the purpose for their unauthorized and unlawful demands and the corresponding Levies.

76.     The issuance of a stay order, temporary restraining order, and preliminary injunction in this case is necessary and appropriate to stay the effectiveness of the Penalty Order and collection action with respect to the Levies and the City's attempt to regulate manufactured homes. In the

/ / /

LAW OFFICE OF
MALINDA R. DICKENSON

17

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

1  absence of injunctive relief, Plaintiffs are informed and believe and thereon allege that Defendants

2  will proceed forward with enforcement action.

3        77.    If a temporary restraining order and preliminary injunction are issued as herein

4  requested, Defendants will not suffer any irreparable injury or harm.

5  <center>**SIXTH CAUSE OF ACTION**
**For Writ of Prohibition Pursuant to C.C.P. § 1102**
6  **(Against Defendant City and DOES 1-100)**</center>

7        78.    Plaintiffs hereby refer to and incorporate by reference paragraphs 1 through 77 as

8  though fully set forth herein.

9        79.    As set forth herein, the Hearing Officer issued the Penalty Order on grounds

10  including that City has the jurisdiction to make the demands therein and to collect the Levies from

11  Plaintiffs.

12        80.    Subsequently, the City sent Plaintiffs three invoices and is threatening to proceed

13  with enforcement and collection activity.  Unless restrained by this Court, Plaintiffs are informed

14  and believe that the City will proceed in, among other things, recording a lien against Plaintiffs'

15  property, and otherwise make wrongful attempts to collect the unconstitutional and unauthorized

16  Levies.

17        81.    The issuance of a stay order, temporary restraining order, and preliminary injunction

18  in this case is necessary and appropriate to stay the effectiveness of the Penalty Order and collection

19  action with respect to the Levies. In the absence of injunctive relief, Plaintiffs are informed and

20  believe and thereon allege that Defendants will proceed forward with enforcement action.

21        82.    If a stay, temporary restraining order and preliminary injunction are issued as herein

22  requested, Defendants will not suffer any irreparable injury or harm.

23  <center>**SEVENTH CAUSE OF ACTION**
**For Writ of Administrative Mandamus Pursuant to C.C.P. § 1094.5**
24  **(Against All Defendants)**</center>

25        83.    Plaintiffs hereby refer to and incorporate by reference paragraphs 1 through 82 as

26  though fully set forth herein.

27        84.    Plaintiffs seek a Writ of Administrative Mandamus because (1) Defendants have

28  proceeded without or in excess of jurisdiction; (2) Plaintiffs did not receive a fair hearing; and (3)

LAW OFFICE OF
MALINDA R. DICKENSON

1   Defendants prejudicially abused their discretion.  Defendants abused their discretion in that

2   (a) Defendants failed to proceed in the manner required by law, (b) the Order is not supported by

3   the Findings; and (c) the Findings are not supported by the evidence.

4       85.     Defendants proceeded without or in excess of jurisdiction by purporting to determine

5   and remedy blight, by imposing levies which are unconstitutional and in violation of California law,

6   and demanding permits contrary to Plaintiffs' vested rights, not required by the SDMC, and/or

7   within the exclusive jurisdiction of the Department of Housing and Community Development of the

8   State of California or the Federal Government.

9       86.     Plaintiffs did not receive a fair hearing because they did not first receive timely

10  notice of the CPNOs, because they were not provided with notice of the allegations being made

11  against them, because did not have an adequate opportunity to be heard with respect to the

12  allegations being made against them, and because they had no opportunity to be heard with respect

13  to the unconstitutional Levies.

14      87.     Defendants did not proceed in the manner required by law because Defendants acted

15  without authority, the Hearing Officer improperly shifted the burden of proof, and because

16  Defendants prevented Plaintiffs a meaningful opportunity to be heard and the ability to cure the

17  purported code violations prior to the imposition of fines and penalties.

18      88.     The Penalty Order is not supported by the findings in that on the one hand the

19  Penalty Order imposes the Levies and requires Plaintiffs to perform certain tasks, and on the other

20  hand the Hearing Officer found that Plaintiffs did not get notice of the CPNOs, and made effort to

21  comply with applicable regulations by contacting the City to get permits and make improvements.

22      89.     Defendants' findings are not supported by the evidence in that the only evidence

23  submitted shows that Plaintiffs did not receive notice of the purported violations, were not given the

24  ability to cure the purported code violations prior to the imposition of fines and penalties, and have

25  not violated any laws.

26  / / /

27  / / /

28  / / /

LAW OFFICE OF
MALINDA R. DICKENSON

19
FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

**PRAYER FOR RELIEF**

WHEREFORE, Petitioners pray for judgment as follows:

ON THE FIRST CAUSE OF ACTION:

1.  For an Order certifying the class and any appropriate subclasses under Code of Civil Procedure §382 and appointing Plaintiffs and their counsel to represent the Class;

2.  For a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction, all enjoining Defendants and its agents, servants, and employees, and all persons acting under, in concert with, or for it from imposing any levies without a vote of the electorate and without following the procedures required by law;

3.  For a Judicial Declaration that (A) the Levies are unconstitutional and unauthorized; (B) fees imposed to Information Bulletin 203 are unconstitutional and unauthorized; (C) the City has imposed purported administrative fines or penalties without complying with California Government Code section 53069.4 and (D) the City does not have the authority to "alleviate blight" by targeting property owners in certain census tracts for prosecution;

4.  For costs of suit herein incurred; and

5.  For such other and further relief as the court may deem just and equitable.

ON THE SECOND CAUSE OF ACTION:

1.  For an Order certifying the class and any appropriate subclasses under Code of Civil Procedure §382 and appointing Plaintiffs and their counsel to represent the Class;

2.  For a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction, all enjoining Defendants and its agents, servants, and employees, and all persons acting under, in concert with, or for it from violating the Constitutional rights of Plaintiffs and the class members;

3.  For compensatory damages, in an amount to be determined according to proof at trial;

4.  For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

5.  For costs of suit incurred in this action; and

6.  For other such and further relief as the Court deems proper.

ON THE THIRD CAUSE OF ACTION:

1.  For damages in an amount to be proven at trial, with interest thereon at the legal rate from

LAW OFFICE OF
MALINDA R. DICKENSON

1    the date of the damages;

2      2.  For reasonable attorney's, appraisal, and engineering fees according to proof;

3      3.  For costs of suit herein incurred; and

4      4.  For such other and further relief as the court may deem just and equitable.

5    ON THE FOURTH CAUSE OF ACTION:

6      1.  That the Court render its Judgment adjudicating the levies purported issued by Defendants

7    void and illegally issued, and not a basis for a lien on any of the property of Plaintiffs;

8      2.  For an Order requiring Defendants to show cause, if any it has, why it should not be

9    enjoined as hereinafter set forth, during the pendency of this action;

10      3.  For a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction,

11    all enjoining Defendants and its agents, servants, and employees, and all persons acting under, in

12    concert with, or for it from taking any action, including collecting unpaid Levies on Plaintiffs'

13    properties and from Plaintiffs, or otherwise enforcing the void levies, or from regulating

14    manufactured homes;

15      4.  For costs of suit herein incurred; and

16      5.  For such other and further relief as the Court may deem just and equitable.

17    ON THE FIFTH CAUSE OF ACTION:

18      1.  That the Court issue a Writ declaring the Penalty Order null and void and of no force and

19    effect; and declaring that Plaintiffs are entitled to all lawful use of their land without the

20    unconstitutional, unauthorized, and unreasonable restrictions imposed by Defendants;

21      2.  For a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction,

22    all enjoining Defendants and its agents, servants, and employees, and all persons acting under, in

23    concert with, or for it from taking any action, including collecting unpaid Levies on Plaintiffs'

24    properties and from Plaintiffs, or otherwise enforcing the void levies, or from regulating

25    manufactured homes;

26      3.  For costs of suit herein incurred; and

27      4.  For such other and further relief as the Court may deem just and equitable.

28    / / /

LAW OFFICE OF
MALINDA R. DICKENSON

21

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

ON THE SIXTH CAUSE OF ACTION:

    1.  That the Court issue a Writ of Prohibition preventing Defendants from taking any further enforcement action or collecting the Levies;

    2.  For an Order staying Defendants' wrongful enforcement action and collection on the Levies pursuant to Cal. Civ. Pro. §1102;

    3.  For a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction, all enjoining Defendants and its agents, servants, and employees, and all persons acting under, in concert with, or for it from taking any action, including collecting unpaid Levies on Plaintiffs' properties and from Plaintiffs, or otherwise enforcing the void levies, or from regulating manufactured homes;

    4.  For costs of suit herein incurred; and

    5.  For such other and further relief as the Court may deem just and equitable.

ON THE SEVENTH CAUSE OF ACTION:

    1.  That the Court issue a Writ declaring the Penalty Order null and void and of no force and effect;

    2.  For an Order staying operation of the Penalty Order pursuant to Cal. Civ. Pro. §1094.5(g);

    3.  For a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction, all enjoining Defendants and its agents, servants, and employees, and all persons acting under, in concert with, or for it from taking any action, including collecting unpaid Levies on Plaintiffs' properties and from Plaintiffs, or otherwise enforcing the void levies, or from regulating manufactured homes;

    4.  For costs of suit herein incurred; and

    5.  For such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

LAW OFFICE OF MALINDA R. DICKENSON

Dated: June 28, 2011

By: _____
Malinda R. Dickenson, Esq.
Attorney for Plaintiffs/Petitioners, individually and on behalf of those similarly situated

LAW OFFICE OF
MALINDA R. DICKENSON

22

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS; PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

1

## VERIFICATION

2

3    I, *Floyd L. Morrow* am a plaintiff/petitioner in the above-entitled action.  I have

4    read this first amended complaint/petition and know its contents.  The same is true of my own

5    knowledge, except as to those matters which are therein alleged on information and belief, and as to

6    those matters, I believe it to be true.

7        I declare under penalty of perjury under the laws of the State of California that this is true

8    and correct.

9        Executed on June 22, 2011, in San Diego, California.

10

11                                              *Floyd L. Morrow*

12                                              _____
                                                Floyd L. Morrow

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF
MALINDA R. DICKENSON

23

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

1

## VERIFICATION

2

3      I, _MARLENE MORROW_ am a plaintiff/petitioner in the above-entitled action.  I have

4   read this first amended complaint/petition and know its contents.  The same is true of my own

5   knowledge, except as to those matters which are therein alleged on information and belief, and as to

6   those matters, I believe it to be true.

7      I declare under penalty of perjury under the laws of the State of California that this is true

8   and correct.

9      Executed on June _22_, 2011, in San Diego, California.

10

11

12                          _Marlene Morrow_
                            Marlene Morrow

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Office of
Malinda R. Dickenson

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, TO INVALIDATE PROCEEDINGS;
PETITION FOR WRIT OF MANDATE, PROHIBITION, AND ADMINISTRATIVE MANDAMUS

*Morrow et. al. v. City of San Diego et al.* SDSC Case No. 37-2011-00088456-CU-EI-CTL

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF SAN DIEGO</u>

I work in the County of San Diego; I am over the age of eighteen years and am not a party to the above entitled action; my business address is 1220 Rosecrans St., #270, San Diego, California 92106.

On **June 23, 2011**, I served the following document by personally delivering it to the Office of the San Diego City Attorney at the address listed below:

1. **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES; TO INVALIDATE PROCEEDINGS; AND PETITION FOR WRIT OF (1) MANDATE, (2) PROHIBITION, AND (3) ADMINISTRATIVE MANDAMUS AND REQUEST FOR STAY**

Alexis Jodlowski, Deputy City Attorney
Office of the San Diego City Attorney
1200 Third Ave., Suite 1100
San Diego, California 92101
Attorneys for Defendant City of San Diego

Also on **June 23, 2011**, I served the above document via first class mail, by placing it in a sealed envelope and depositing it in the mail, with the postage thereon fully prepaid, to the person and address listed below:

Tim Harris, Esq.
Charlston, Revich & Wollitz LLP
1925 Century Park East, Suite 1250
Los Angeles, California 90067
Attorneys for Defendant Mandel E. Himelstein

I declare that I am an active member of the bar of this Court and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 23, 2011, at San Diego, California.

By: _____
       Malinda R. Dickenson

1