1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| FLOYD L. MORROW and MARLENE MORROW, as taxpayers of the City of San Diego, State of California, and on behalf of those similarly situated,<br><br>                                   Plaintiffs,<br><br>        vs.<br><br><br>CITY OF SAN DIEGO, a charter city; and DOES 1-100,<br><br>                                   Defendants. | CASE NO. 11-cv-01497- IEG (KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND AND SUPPLEMENT THIRD AMENDED COMPLAINT**<br><br>[Doc. No. 40] |

18
19
20
21
22
23
24
25
26
27
28

        Presently before the Court is a motion by Plaintiffs Floyd L. Morrow and Marlene Morrow ("Plaintiffs") for leave to file a fourth amended complaint ("FAC"). [Doc. No. 40.] Plaintiffs seek to add a new claim for intentional infliction of emotional distress ("IIED") and to revise their existing claims in light of the Court's January 11, 2012 Order granting in part and denying in part Defendant City of San Diego ("City")'s motion to dismiss Plaintiffs' third amended complaint. The City opposes Plaintiffs' present motion. For the reasons given below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for leave to amend and to supplement.

## BACKGROUND

        Plaintiffs filed their original complaint in state court on March 28, 2011 against Defendants City of San Diego, Mandel E. Himelstein, and Does 1-100. [Doc. No. 1-1.]  After the City demurred to the complaint, Plaintiffs filed their first amended complaint on June 23, 2011. [Doc.

No. 1-14.]  On July 1, 2011, Defendants removed the action to this Court on the basis of federal question jurisdiction and supplemental jurisdiction. [Doc. No. 1, <u>Notice of Removal</u>.]  Plaintiffs filed their second amended complaint on July 27, 2011. [Doc. No. 7.]  On October 7, 2011, the Court dismissed Defendant Mandel E. Himelstein from the action.  [Doc. No. 19.] On October 18, 2011, the Court granted the City's motion to dismiss Plaintiffs' second amended complaint and granted Plaintiffs leave to file a third amended complaint. [Doc. No. 20.] Plaintiffs filed their third amended complaint ("TAC") against the City and Does 1-100 on November 4, 2011, alleging seven causes of action. [Doc. No. 22.] The City moved to dismiss the first six causes of action in the TAC on November 18, 2011. [Doc. No. 24.]  In its January 11, 2012 Order, the Court granted in part and denied in part the City's motion. [Doc. No. 30.]

By the present motion, Plaintiffs seek leave to amend and to supplement their TAC, in order to allege a new claim for IIED and to amend their existing claims, including the relief sought. [Doc. No. 40; Doc. No. 40-1.] Plaintiffs have attached their proposed FAC to the motion. [Doc. No. 40-2.] In this FAC, Plaintiffs allege causes of action for: (1) waste of public funds pursuant to California Code of Civil Procedure §§ 526a and 1060; (2) violations of Plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983; (3) writ of mandate pursuant to California Code of Civil Procedure § 1085; (4) writ of prohibition pursuant to California Code of Civil Procedure § 1102; (5) writ of administrative mandamus pursuant to California Code of Civil Procedure § 1094.5; and (6) intentional infliction of emotional distress. [*Id*.]  The City opposes Plaintiffs' motion, arguing the addition of a new cause of action for IIED would be futile.  [Doc. No. 43.]

**<u>DISCUSSION</u>**

### I.      Legal Standards for a Motion to Amend or to Supplement

Plaintiffs bring the present motion to amend and to supplement pursuant to both Rule 15(a) and Rule 15(d).  Rule 15(a) addresses matters occurring up to the time Plaintiffs filed the original complaint and Rule 15(d) addresses matters occurring thereafter.  <u>See</u> <u>Gordon v. North Am. Co.</u> <u>for Life & Health</u>, 2000 U.S. Dist. LEXIS 15799, at *12 (S.D. Cal. Sept. 14, 2000).  Because the same standard governs consideration of motions to amend or to supplement, it is unnecessary here to distinguish when Plaintiffs seek to amend or to supplement.  <u>See</u> <u>Glatt v. Chicago Park Dist.</u>, 87

F.3d 190, 194 (7th Cir. 1996); Martin v. Naval Crim. Investigative Serv., 2012 U.S. Dist. LEXIS 62208, at *9 (S.D. Cal. May 3, 2012).

Under Federal Rule of Civil Procedure 15(a)(2), a party "may amend its pleading only with the opposing party's written consent or the court's leave" once the time period for amendment as a matter of course has passed.  Courts should "freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  Courts also "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  FED. R. CIV. P. 15(d).  The Ninth Circuit has stated that leave to amend should be granted with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  Despite this policy favoring amendment, "leave to amend is not to be granted automatically."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  The grant or denial of leave to amend is within the "sound discretion" of the Court.  Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court weighs five factors in ruling on a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the movant has previously amended its pleadings.  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); see also Foman v. Davis, 371 U.S. 178, 182 (1962).  Of these factors, "consideration of prejudice to the opposing party . . . carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2004).  However, "[f]utility can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

**II.     Plaintiffs' New Claim for Intentional Infliction of Emotional Distress**

In their proposed FAC, Plaintiffs allege that the City's conduct toward them constitutes intentional infliction of emotional distress.  [Doc. No. 40-2, FAC ¶¶ 138-142.] Specifically, Plaintiffs claim that City employees have intentionally or recklessly caused Plaintiffs "severe emotional distress" by "traipsing around" Plaintiffs' home while investigating allegedly "non-existent code violations."  [Id.] According to Plaintiffs, Defendants have "engaged in a pattern of intentional and wrongful conduct" by threatening Plaintiffs with prosecution, investigating them without cause, and invading their privacy. [Id.]  Plaintiffs give two examples of such conduct in

1   the FAC: (1) once[1] when City employees Eric Picou and Justino Rochin were at Plaintiffs' home

2   "looking for new violations to report"; and (2) another occasion on March 5, 2012 when Eric

3   Picou "came searching for new violations again . . . and taking photographs." [Id. ¶¶ 61; 138-142.]

4       In opposition, the City argues the Court should deny Plaintiffs leave to amend their

5   complaint because the proposed addition of a new claim for IIED would be futile. [Doc. No. 43.]

6   According to the City, the new claim would be futile because the City and its employees are

7   immune from liability for IIED as a matter of California law.[2]  [Id. at 2.]  In reply, Plaintiffs

8   contend the City is not immune from liability for IIED.  [Doc. No. 44.]

9       **A. Futility of Amendment**

10      A proposed amendment is futile if the "complaint, as amended, is subject to dismissal."

11  Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989); see also Miller v. Rykoff-

12  Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  A motion to dismiss for failure to state a claim

13  upon which relief could be granted tests the legal sufficiency of the claims asserted in the

14  complaint.  FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The

15  Court must accept all factual allegations pled in the complaint as true, and must construe them and

16  draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty

17  Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  A complaint need not contain detailed

18  factual allegations to avoid a Rule 12(b)(6) dismissal; rather, it must merely plead "enough facts to

19  state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

20  (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the

21  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

22  Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

23      The Court's deference to a plaintiff's allegations has its limits, however.  A "plaintiff's

24  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

25

26      [1]Though the exact date is unclear from the FAC, it appears to have been prior to Plaintiffs'
    filing their original complaint on March 28, 2011. [Doc. No. 40-2, FAC ¶ 139.]

27      [2]The City also argues the proposed amendment would be futile because Plaintiffs fail to state
28  a plausible claim for IIED and fail to plead compliance with the California Government Claims Act.
    [Doc. No. 43 at 2.]  Because the Court find the City is immune from liability on the new claim for
    IIED, the Court does not reach the other arguments made by the City.  See infraJuly 3, 2012.

11cv01497

1   conclusions, and a formulaic recitation of the elements of a cause of action will not do."

2   Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in

3   original).  The Court need not accept a plaintiff's "legal conclusions" as true.  Iqbal, 129 S. Ct. at

4   1949.  Moreover, it is not proper for the Court to assume that "the [plaintiff] can prove facts that

5   [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been

6   alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S.

7   519, 526 (1983).

8         **B.  Immunity Under California Law**

9         Under California law, a public entity is not liable for injury except where provided by

10  statute.  CAL. GOV. CODE § 815.  A public entity is vicariously liable for an "injury proximately

11  caused by an act . . . of an employee of the public entity within the scope of his employment if the

12  act . . . would, apart from this section, have given rise to a cause of action against that employee . .

13  . ."  CAL. GOV. CODE § 815.2(a).  A public entity is not liable, however, for an "injury resulting

14  from an act . . . of a public employee of the public entity where the employee is immune from

15  liability."  CAL. GOV. CODE § 815.2(b).  Except where a statute provides immunity, public

16  employees are liable for injuries they cause to the same extent as a private person.  CAL. GOV.

17  CODE § 820.  However, a "public employee is not liable for injury caused by his instituting or

18  prosecuting any judicial or administrative proceeding within the scope of his employment, even if

19  he acts maliciously and without probable cause."  CAL. GOV. CODE § 821.6.

20        California courts have ruled that the immunity provided by Section 821.6 "extends to

21  actions taken in preparation for formal proceedings.  Because investigation is 'an essential step'

22  toward the institution of formal proceedings, it 'is also cloaked with immunity.' " Amylou R. v.

23  County of Riverside, 28 Cal. App. 4th 1205, 1209-1210 (1994).  "Immunity under Government

24  Code section 821.6 is not limited to claims for malicious prosecution, but also extends to other

25  causes of action arising from conduct protected under the statute, including . . . intentional

26  infliction of emotional distress."  Gillan v. City of San Marino, 147 Cal. App. 4th 1033, 1048

27  (2007).  "California courts construe section 821.6 broadly in furtherance of its purpose to protect

28  public employees in the performance of their prosecutorial duties from the threat of harassment

1   through civil suits." <u>Id.</u>  Moreover, while Section 821.6 has "primarily been applied to immunize

2   prosecuting attorneys and other similar individuals, this section is not restricted to legally trained

3   personnel, but applies to all employees of a public entity."  <u>Kemmerer v. County of Fresno</u>, 200

4   Cal. App. 3d 1426, 1436 (1988) (citation omitted) (Section 821.6 immunity applied to civil service

5   employee of public social services department); <u>see also</u> <u>Richardson-Tunnell v. Schools Ins.</u>

6   <u>Program for Employees (SIPE)</u>, 157 Cal. App. 4th 1056 (2007) (Section 821.6 immunity applied

7   to administrators of public school district and public school employee insurance program).

8        The City is immune under Sections 815.2 and 821.6 from liability for IIED if: (1)

9   Plaintiffs' emotional distress was caused by employees of the City; (2) the employees' acts were

10  committed to institute or prosecute a judicial or administrative proceeding; and (3) the employees

11  were acting within the scope of their employment while instituting or prosecuting the proceeding.

12  <u>See</u> <u>Amylou R.</u>, 28 Cal. App. 4th at 1209.

13       In their proposed FAC, Plaintiffs accuse the City of intentionally or recklessly causing

14  Plaintiffs emotional distress through City employees Eric Picou, Justino Rochin, and others.[3] [Doc.

15  No. 40-2, FAC ¶¶ 138-142.] Plaintiffs allege that the City's employees were "acting within the

16  course and scope of their employment" in doing so. [<u>Id.</u> ¶ 8.] Plaintiffs claim that the City has

17  "continued to threaten [Plaintiffs] with prosecution, investigate them without cause, and invade

18  their privacy, in a despicable search for non-existent code violations." [<u>Id.</u> ¶ 141; <u>see also</u> <u>Id.</u> ¶¶

19  138-142; Doc. No. 44 at 3-4.]

20       Even assuming – as the Court does when considering the present motion – Plaintiffs'

21  factual allegations in the proposed FAC to be true, the Court nonetheless finds that the City is

22  immune here under Sections 815.2 and 821.6 from liability for IIED.  By Plaintiffs' own account,

23  City employees caused Plaintiffs' emotional distress in the course of instituting or prosecuting

24  judicial or administrative proceedings against Plaintiffs.  These City employees' acts therefore fall

25

26       [3]Though Plaintiffs never give Eric Picou or Justino Rochin's titles, they are listed respectively
27  in the Civil Penalty Administrative Enforcement Order as Land Development Investigator II and
    Combination Inspector (where Rochin's name is listed as Rochlin). [Doc. No. 1-10, Exhibit A at 5.]
28  Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of this exhibit attached
    to the City's earlier request for judicial notice because it is a matter of public record.  <u>See</u> <u>Lee v. City</u>
    <u>of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

11cv01497

well within the scope of the immunity granted by Section 821.6.  See Amylou R., 28 Cal. App. 4th at 1209-1211; Richardson-Tunnell, 157 Cal. App. 4th at 1062-1063.  Because the City's employees are immune from liability under Section 821.6, the City also is immune from liability. CAL. GOV. CODE § 815.2(b); see also Kayfetz v. State of California, 156 Cal. App. 3d 491, 496 (1984).  Therefore, Plaintiffs' claim against the City for IIED is futile because the City has immunity from that claim.

### C.  Other Factors

In opposing Plaintiffs' present motion, the City has not alleged that Plaintiffs brought it in bad faith or to cause undue delay or prejudice to the opposing party.  However, Plaintiffs have previously amended their pleadings several times and Plaintiffs' proposed addition of a new claim for IIED is futile for the reason stated above.  Accordingly, the Court **DENIES** Plaintiffs leave to amend and supplement their complaint insofar as they seek to introduce a new claim for IIED against the City.  See Bonin, 59 F.3d at 845 (denial of leave to amend proper where the "proffered amendments would be nothing more than an exercise in futility") (citation omitted).

## II.  Plaintiffs' Other Proposed Amendments

In addition to seeking to introduce a new claim for IIED, Plaintiffs also request leave to amend in order to revise their existing claims in light of the Court's January 11, 2012 Order. Because the City has raised no objection to these various amendments, the Court **GRANTS** Plaintiffs leave to file their proposed amendments to their existing claims.

///
///
///
///
///
///
///
///
///

1

**CONCLUSION**

2          For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs'

3   motion to amend and to supplement.  Specifically, the Court **GRANTS** Plaintiffs leave to amend

4   their existing claims, but **DENIES** Plaintiffs leave to add a new claim for intentional infliction of

5   emotional distress.  Accordingly, Plaintiffs may file a fourth amended complaint deleting the IIED

6   claim within 14 days of the date this Order is filed.

7          **IT IS SO ORDERED.**

8   **DATED:**  July 6, 2012

9                                              **IRMA E. GONZALEZ**
                                               **United States District Judge**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv01497