# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD L. MORROW and MARLENE MORROW, as taxpayers of the City of San Diego, State of California, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO, a charter city; and DOES 1-100,<br><br>Defendants. | CASE NO. 11-CV-1497-IEG (KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION**<br><br>[Doc. No. 51] |

Presently before the Court is Defendant City of San Diego ("Defendant" or "City")'s motion for abstention requesting the Court to abstain from adjudicating the claims of Plaintiffs Floyd and Marlene Morrow ("Plaintiffs"). In the alternative, Defendant asks the Court to exercise its discretion and stay the pending federal claim upon state court resolution of the state claims. [Doc. No. 51.] For the following reasons, the Court **GRANTS** the City's motion for abstention and **REMANDS** the action to the California Superior Court in the County of San Diego.

## BACKGROUND

Plaintiffs are a married couple and landowners in the City Heights community of the City of San Diego. Plaintiffs are the owners of a duplex commonly known as 2804 and 2806 46th Street, San Diego, CA 92105, Assessor's Parcel Number 476-392-06 ("APN-06"). Since 2006, Plaintiffs have resided in one of the duplex units and have rented the other unit out to

1  tenants.  [Doc. No. 47, Fourth Amended Compl. ¶ 11.]  Plaintiffs also own property to the north of
2  APN-06, known as Assessor's Parcel Number 476-392-11 ("APN-11").  [Id. ¶ 12.]

3  Plaintiffs allege that on or about January 21, 2009, Defendant opened a "code
4  enforcement" case with respect to APN-11 "proactively," rather than by responding to a citizen
5  complaint, to "target blight."  This investigation was later expanded to include APN-06.  [Id. ¶ 30.]
6  On June 3, 2010, the City issued a Civil Penalty Notice and Order ("the June 3, 2010 Notice")
7  with respect to APN-06, and, on June 4, 2010, the City issued a Civil Penalty Notice and Order
8  ("the June 4, 2010 Notice") with respect to APN-11.  [Doc. No. 47, Fourth Amended Compl. ¶¶
9  32-33; Doc. No. 24-2, Request for Judicial Notice ("RJN"), Exs. D, E.]  The notices stated that
10 APN-06 and APN-11 were in violation of various sections of the San Diego Municipal Code and
11 that Plaintiffs were subject to civil penalties for the violations.  [Id.]  The notices ordered Plaintiffs
12 to correct the violations by July 5, 2010 and July 6, 2010, respectively, and stated that failure to
13 comply may result in a civil penalty hearing and the assessment of civil penalties against them.
14 [Id.]  Plaintiffs allege that due to difficulties with the mail, they did not receive the notices until
15 weeks after they were issued and with only a few days left to comply. [Doc. No. 47, Fourth
16 Amended Compl. ¶¶ 32-34.]

17 A civil penalty hearing against Plaintiffs with respect to these violations commenced
18 on October 14, 2010, and continued on October 21, 2010, November 15, 2010, and November 30,
19 2010.  [Id. ¶ 38; RJN, Ex. A ("Admin. Order").]  Plaintiffs were present at all the hearings and
20 presented evidence on their behalf including testimony, written comments, and supporting factual
21 materials.  [Doc. No. 47, Fourth Amended Compl. ¶¶ 38, 57.]  Plaintiffs allege that after the
22 hearings, on December 23, 2010, the City provided an additional list that contained new violations
23 ("Remaining Violations List").  [Id. ¶¶ 39-52.]  Plaintiffs allege that they were able to respond to
24 the Remaining Violations List, but that they were not able to cross-examine the City's witnesses
25 about the demands and violations contained on the list.  [Id. ¶ 44, 53.]  Plaintiffs also allege that
26 they were unable to correct the purported violations prior to being punished.  [Id. ¶ 44.]

27 On February 15, 2011, the administrative hearing officer, Mandel E. Himelstein, issued an
28 administrative enforcement order ("the Administrative Order").  [Id. ¶ 54; Admin. Order.]  The

1  Administrative Order found that Plaintiffs had violated the sections of the San Diego Municipal
2  Code listed in the June 3, 2010 Notice and the June 4, 2010 Notice and that Plaintiffs had not
3  complied with the notices.  [Admin. Order, Findings of Fact ¶¶ 2-3.]  The Administrative Order
4  ordered Plaintiffs to pay (1) $2,250 in civil penalties with a stay of $9,000 pending compliance
5  with the order for the violations related to APN-06; (2) $6,750 in civil penalties with a stay of
6  $15,750 pending compliance with the order for the violations related to APN-11; and (3)
7  $2,303.32 in administrative costs.  [Doc. No. 47, Fourth Amended Compl. ¶ 55; Admin. Order,
8  Order ¶¶ 1-2.]  Plaintiffs allege that the City subsequently invoiced them in the amount of (1)
9  $2,303.32 due March 30, 2011; (2) $2,250 due April 15, 2011; and (3) $6,750 due May 1, 2011.
10 [Doc. No. 47, Fourth Amended Compl. ¶ 56.]

11       On March 28, 2011, Plaintiffs filed a complaint in state court against Defendants City of
12 San Diego and Mandel E. Himelstein, the hearing officer.  [Doc. No. 1-1, Compl.]  On July 1,
13 2011, Defendants removed the action to this Court on the basis of federal question jurisdiction and
14 supplemental jurisdiction.  [Doc. No. 1, Notice of Removal.]  On October 7, 2011, the Court
15 dismissed Defendant Mandel E. Himelstein from the action, leaving the City as the only
16 Defendant.  [Doc. No. 19.]  On October 18, 2011, the Court granted the City's motion to dismiss
17 Plaintiffs' second amended complaint and granted Plaintiffs leave to file a third amended
18 complaint.  [Doc. No. 20.]  On January 11, 2012, the Court granted in part and denied in part the
19 City's motion to dismiss Plaintiffs' third amended complaint.

20       Plaintiffs filed a fourth amended complaint on July 9, 2012 alleging five causes of action:
21 (1) waste of taxpayer funds; (2) violation of 42 U.S.C. § 1983 under the Equal Protection Clause
22 of the U.S. Constitution; (3) a writ of mandate to enjoin and stay the Administrative Order and for
23 damages; (4) a writ of prohibition to enjoin and stay the Administrative Order and for damages;
24 (5) a writ of administrative mandamus to enjoin and stay the Administrative Order and for
25 damages.  [Doc. No. 47, Fourth Amended Compl.]  Plaintiffs' sole federal claim is their second
26 cause of action brought under § 1983 alleging violations of the Equal Protection Clause of the U.S.
27 Constitution.

28       By the present motion, Defendant requests that the Court abstain under the *Younger* and

*Pullman* abstention doctrines. In the alternative, Defendant asks the Court to exercise its discretion and stay the pending federal claim upon state court resolution of the state claims. [Doc. No. 51, Def's Mot.][1]

**DISCUSSION**

**I.      *Younger* Abstention**

Defendant moves for abstention on the basis of the *Younger* doctrine. A court must abstain under *Younger* and dismiss the action if four requirements are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

Defendant is unable to satisfy the first element of *Younger* abstention because there is no pending state proceeding. Defendant argues that a state court proceeding is pending because this Court may decline to exercise supplemental jurisdiction over the writ of administrative mandamus claim. [Doc. No. 51, Def's Mot. at 7-8.] Defendant's argument lacks merit because a state court action does not remain pending following its removal to federal court.

A "case after removal is treated as if it had been commenced in federal court." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994). "After removal, 28 U.S.C. § 1446(d) prohibits any proceedings in the state court unless and until the case is remanded." Id.

---

[1] Plaintiffs request that the Court take judicial notice of the existence of a February 28, 2011 letter from Amie Ontiveros, Hearing Coordinator for the City of San Diego's Neighborhood Code Compliance, and the fact that it makes the representations contained therein. They do not request that the Court take the representations contained therein as true. [Doc. No. 55-1, RJN.] Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of documents that are matters of public record or are quasi-public documents. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Del Puerto Water Dist. v. U.S. Bureau of Reclamation, 271 F.Supp.2d 1224 (E.D. Ca. 2003) (holding that Senate and House reports, water permit applications, and copies of Bureau reports are public or quasi-public records). This letter sent to a private party is neither part of the public record nor a quasi-public document. Because the requirements of Rule 201 are not met, the Court **DENIES** Plaintiffs' request for judicial notice.

at 1238.  28 U.S.C. § 1446(d) states that after the filing of the notice of removal with the clerk of a state court, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  "[T]he clear language of the general removal statute provides that the state court loses jurisdiction upon the filing of the petition for removal."  Resolution Trust Corp., 43 F.3d at 1238.  When Defendant removed this action from the Superior Court to this Court on July 6, 2011 [Doc. No. 1, Notice of Removal], the Superior Court lost jurisdiction to hear this action.  Therefore, the Superior Court may not proceed further unless the case is remanded.

Because Defendant is unable to satisfy the first element, the Court **DENIES** Defendant's motion for abstention on the basis of the *Younger* doctrine.

## II.   *Pullman* Abstention

The doctrine of *Pullman* abstention permits district courts, in exceptional cases, to postpone the exercise of jurisdiction.  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).  "Abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication."  Harman v. Forssenius, 380 U.S. 528, 534 (1965).  "*Pullman* abstention does not exist for the benefit of either of the parties but rather for 'the rightful independence of the state governments and for the smooth working of the federal judiciary.'"  San Remo Hotel v. City and Cnty. of San Francisco, 145 F.3d 1095, 1105 (9th Cir. 1998) (quoting R.R. Comm'n of Texas v. Pullman Co., 312 U.S. 496, 501 (1941) (internal quotation marks omitted)).

Canton v. Spokane Sch. Dist. No. 81, 498 F.2d 840 (9th Cir. 1974) sets forth a three-prong analysis for *Pullman* abstention:  (1) The case "touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open;" (2) "[s]uch constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy;" and (3) "[t]he possibly determinative issue of state law is doubtful."  Id. at 845.  "[I]t is not even necessary that the state adjudication 'obviate the need to decide all the federal constitutional questions' as long as it will 'reduce the contours' of the litigation."  Smelt v. County of Orange, 447 F.3d 673, 679 (9th Cir. 2006) (quoting C-Y Dev. Co.

1  v. City of Redlands, 703 F.2d 375, 380 (9th Cir. 1983)). "In applying these criteria, the district
2  court should identify the state law issues that might be determinative or critical to the case's
3  outcome and should explain why the resolution of those issues is uncertain." Pearl Inv. Co. v. City
4  and Cnty. of San Francisco, 774 F.2d 1460, 1463 (9th Cir. 1985).  If a court abstains under the
5  *Pullman* doctrine, retention of jurisdiction, and not dismissal of the action, is the proper course.
6  Columbia Basic Apt. Ass'n v. City of Pasco, 268 F.3d 791, 802 (9th Cir. 2001).  The Court
7  addresses each element of *Pullman* abstention in turn.

### A. Sensitive Area of Social Policy

9  "[The Ninth Circuit has] repeatedly stated that land use planning is a sensitive area of
10 social policy . . . ." C-Y Dev. Co., 703 F.2d at 377.  Because this matter involves the City's
11 proactive code enforcement program to target blight and improve deteriorating neighborhoods in
12 low to moderate income areas, in addition to the imposition of civil penalties and administrative
13 costs in connection with alleged violations of the San Diego Municipal Code [Doc. No. 51, Def's
14 Mot. at 11], the Court finds that the first element of *Pullman* abstention has been met.

### B. Eliminating or Narrowing Constitutional Issues

16 A state court ruling on the writ of administrative mandamus would narrow Plaintiffs' sole
17 Constitutional claim, a cause of action brought under 42 U.S.C. § 1983 alleging violations of the
18 Equal Protection Clause.  "Under the California administrative mandamus procedure, a state court
19 might invalidate [the challenged] conditions if it found that the Commission had abused its
20 discretion." Pearl Inv. Co., 774 F.2d at 1464 (citing Cal. Civ. Proc. Code § 1094.5 (internal
21 citations omitted)).  With respect to their equal protection claim, Plaintiffs allege that Defendant
22 targeted them as residents of low to moderate income areas to generate revenue through a
23 proactive code enforcement program.  [Doc. No. 47, Fourth Amended Compl. ¶ 97, 105, 107.]  In
24 their complaint, Plaintiffs seek compensatory damages and to enjoin Defendant and its agents from
25 violating their Constitutional rights.  [Doc. No. 47, Fourth Amended Compl. at 37.]  The
26 California Superior Court could grant the writ of administrative mandamus and declare the
27 Administrative Order null and void and enjoin collection of the civil penalties and administrative
28 costs.  Alternatively, the California Superior Court could rule that Defendant's proactive code

1 enforcement program violates the equal protection clause of the California Constitution. This
2 relief could moot or narrow the Plaintiffs' Constitutional claims to the extent that they seek redress
3 for imposition of the civil penalties and administrative costs and for the proactive code
4 enforcement program.

### C.  Uncertain State Law Issue

The potentially outcome determinative state issue, the writ of administrative mandamus, is sufficiently uncertain to satisfy the third requirement for *Pullman* abstention. The Ninth Circuit has concluded that "uncertainty surrounds application of the administrative mandamus procedure found in Cal. Civ. Proc. Code § 1094.5." C-Y Dev. Co., 703 F.2d at 380-81 (citing Sederquist v. City of Tiburon, 590 F.2d 278, 282-83 (9th Cir. 1978)). When considering a writ of administrative mandamus, "[t]he inquiry in such a case shall extend to the questions whether the [administrative agency] has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion." Woods v. Superior Court, 28 Cal. 3d 668, 675 (Cal. 1981) (quoting Cal. Civ. Proc. Code § 1094.5(b)). The Ninth Circuit reasoned that because the question of abuse of discretion "is by nature a question turning on the peculiar facts of each case in light of the many local and state-wide land use laws and regulations applicable to the area in question," it could not predict whether a state court would find that the city abused its discretion. Sederquist, 590 F.2d at 282-83.

Similarly, this Court cannot predict whether a state court will find that Defendant abused its discretion because this issue turns on the facts of this case in light of local land use laws. More specifically, Plaintiffs' administrative mandamus claim in the instant case challenges the legality of Defendant's actions pursuant to San Diego Municipal Code section 12, which pertains to land development reviews. [Doc. No. 47, Fourth Amended Compl. ¶ 80-88.] Therefore, the Court finds that the possibly determinative issue of state law is sufficiently uncertain to satisfy the third requirement for *Pullman* abstention.

Because all of the factors for *Pullman* abstention are met, the Court **GRANTS** Defendant's motion for abstention under the *Pullman* doctrine and **REMANDS** the action to state court. Plaintiffs may preserve their right to federal district court adjudication of their federal claim by

making a reservation on the state court record.  England v. Louisiana State Bd. of Med. Exam'rs, 375 U.S. 411, 421 (1964).  Following state court adjudication, Plaintiffs may then return to federal court to have their federal claim decided if it has not been mooted by the state proceeding.  Id. at 421-22.

### III. Defendant's Request to Stay the Federal Claim to Allow the State Court to Decide Matters of State Law

Defendant alternatively requests that the Court stay the federal claim until a California state court decides the state claims.  Because the Court grants Defendant's motion for abstention under the *Pullman* doctrine, the Court does not address this request.

### CONCLUSION

For the reasons above, the Court **GRANTS** the City of San Diego's motion for abstention and **REMANDS** the action to the California Superior Court.  Specifically, the Court:

1. **DENIES** Defendant's motion for abstention on the basis of the *Younger* doctrine;
2. **GRANTS** Defendant's motion for abstention on the basis of the *Pullman* doctrine;
3. **REMANDS** the action to the Superior Court of the State of California in the County of San Diego.  The Court retains jurisdiction to address Plaintiffs' federal claim involved herein, if Plaintiffs, in the state court proceeding make an *England* "reservation," England, 375 U.S. at 421, and such claim is not mooted in the state court proceeding.

**IT IS SO ORDERED.**

**DATED:** September 25, 2012

*[signature]*
**IRMA E. GONZALEZ**
**United States District Judge**