1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| FLOYD L. MORROW, individually, as taxpayers of the City of San Diego, State of California, and on behalf of those similarly situated; MARLENE MORROW, individually, as taxpayers of the City of San Diego, State of California, and on behalf of those similarly situated,<br><br>                                    Plaintiffs,<br><br>        v.<br><br><br>CITY OF SAN DIEGO, a charter city; DOES 1-100,<br><br>                                    Defendants. | CASE NO. 11cv1497 - IEG (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR PRELIMINARY INJUNCTION; and**<br><br>**(2) DENYING WITHOUT PREJUDICE MOTION TO RESET TRIAL AND RELATED DATES**<br><br>**[Doc. No. 69]** |

20
21
22
23
24

    Presently before the Court is the motion of Plaintiffs Floyd L. Morrow and Marlene Morrow (collectively "Plaintiffs") for a preliminary injunction and to reset trial and related dates.  [Doc. No. 69, Pl.'s Mot.]  For the following reasons, the Court **DENIES** both motions.

## BACKGROUND

25
26
27
28

    Plaintiffs, landowners in San Diego, filed a complaint against Defendant City of San Diego ("Defendant" or "the City") in response to a code enforcement action against property owned by Plaintiffs.  This Court remanded Plaintiffs' state law claims to San Diego Superior Court ("Superior Court") on September 25, 2012.

[Doc. No. 61.]

Plaintiffs state that they have since prevailed on their writ of mandamus claim in Superior Court.  [Doc. No. 69, Pl.'s Mot. at 2.]  The City subsequently set an administrative hearing for May 1, 2013.  [Doc. No. 72, Def.'s Mot. at 9.]  On April 26, 2013, Plaintiffs filed emergency motions for an alternative writ, for a temporary restraining order, to reset trial and related dates, and for a preliminary injunction. [Doc. No. 69, Pl.'s Mot.]  On April 30, 2013, the Court denied Plaintiff's motions for an alternative writ and a temporary restraining order, and ordered further briefing on the motion for preliminary injunction.  [Doc. No. 71.]  Defendant subsequently filed a response in opposition and Plaintiffs filed a reply.  [Doc. Nos. 72, 74.]

In their ex parte application for a temporary restraining order and motion for preliminary injunction, Plaintiffs request an order "preventing the City from acting pursuant to the *ultra vires* hearing officer contract, as it relates to the enforcement of the City's municipal ordinances."  [Id. at 3.]  The Court presumes that Plaintiffs request the Court to enjoin the administrative proceedings.  [Doc. No. 71.]

**I.     Preliminary Injunction**

As a preliminary matter, the Court has jurisdiction to hear Plaintiffs' motion for a preliminary injunction despite that it has abstained under *Pullman*.  See Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 309 n.18 (1979); Harrison v. Nat'l Assn. for the Advancement of Colored People, 360 U.S. 167, 178-179 (1959).  As *Pullman* abstention "does not . . . involve the abdication of federal jurisdiction, but only the postponement of its exercise," the Court may proceed on motions for interim relief.  Harrison, 360 U.S. at 175; see also Georgevich v. Strauss, 772 F.2d 1078, 1091 n.15 (3d Cir. 1985) ("*Pullman* abstention is not jurisdictional, but discretionary, and involves postponing adjudication of a federal claim pending resolution of a possibly determinative state law issue.").

A plaintiff seeking a preliminary injunction must establish:  (1) that he is

likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7 (2008).  <u>Alliance for the Wild Rockies v. Cottrell</u> explicitly found that <u>Winter</u> did not abrogate the Ninth Circuit's "serious questions" test for preliminary injunctions "when applied as part of the four-element <u>Winter</u> test."  632 F.3d 1127, 1131-32 (9th Cir. 2011).  Therefore, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the <u>Winter</u> test are also met."  <u>Id.</u> at 1132 (internal quotation marks omitted).  Because Plaintiffs fail to establish irreparable harm and a balance of equities in their favor, the Court need not address the remaining elements.

## A.    Irreparable Harm

In order to obtain a preliminary injunction, a plaintiff must demonstrate that it is likely to suffer irreparable harm in the absence of preliminary relief.   <u>Winter</u>, 555 U.S. 7.  "Typically, monetary harm does not constitute irreparable harm" because "the injury can later be remedied by a damage award."  <u>California Pharmacists Ass'n v. Maxwell-Jolly</u>, 563 F.3d 847, 851-52 (9th Cir. 2009) (emphasis omitted); <u>see also</u> <u>American Trucking Ass'ns., Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1057 (9th Cir. 2009).  A loss of goodwill and reputation, on the other hand, may support injunctive relief.  <u>Id.</u>

A preliminary injunction cannot, however, be issued to prevent a speculative injury; rather, a plaintiff must show that the alleged threat of irreparable harm is actual and imminent.  <u>Regents of Univ. of Cal. v. Am. Broadcasting Cos., Inc.</u>, 747 F.2d 511, 523-24 (9th Cir. 1984) (citing <u>New York v. Nuclear Regulatory Comm'n</u>, 550 F.2d 745, 755 (2d Cir. 1977)).  "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be

awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter</u>, 555 U.S. at 22.

Plaintiffs argue that they would face "immediate and irreparable harm" if they are "subject to an endless loop of unauthorized proceedings" which will prevent adjudication in federal court. [Doc. No. 69, <u>Pl.'s Mot.</u> at 3, 12.]  Plaintiffs also argue that they will suffer irreparable harm because their constitutional rights will be violated if they are "subjected to unauthorized prosecution." [<u>Id.</u> at 12-14.] Finally, Plaintiffs summarily contend that they continue to suffer damage to their business goodwill.  [<u>Id.</u> at 14.]

Plaintiffs do not make a showing that the harm they will suffer if forced to participate in administrative proceedings is actual and imminent. <u>See</u> <u>Regents of Univ. of Cal.</u>, 747 F.2d at 523-24.  Rather, Plaintiffs only speculate that they will be deprived of the opportunity to litigate in federal court if they participate in the administrative proceedings.  Plaintiffs provide no explanation as to why they would be unable to litigate in federal court if the administrative proceedings were held, aside from their hyperbolic statement that the proceedings would be an "endless loop." [Doc. No. 69, <u>Pl.'s Mot.</u> at 12.]  Plaintiffs also fail to explain how their business goodwill will be damaged.  Further, Plaintiffs have not adequately demonstrated that their constitutional rights will be violated if they are subject to administrative proceedings.  Their summary statement that there are "obvious constitutional violations of being subjected to unauthorized prosecution" is insufficient to show irreparable harm if an injunction is denied.  [<u>Id.</u> at 14.]

As Plaintiffs fail to point to any actual and imminent injury they are likely to suffer if the administrative proceedings are held, <u>see</u> <u>Winter</u>, 555 U.S. at 22, the Court finds that they are unable to show irreparable injury.

**B.     Balance of Equities**

Even assuming Plaintiffs could establish irreparable harm, they fail to demonstrate that the balance of equities favors injunctive relief.  For the issuance of

a preliminary injunction, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Winter, 555 U.S. at 24.

Plaintiffs in their reply state, without thorough explanation, that "the equities strongly support granting a preliminary injunction." [Doc. No. 74, Pl.'s Reply at 2.] Plaintiffs argue that "they brought this action in the public's interest," and then proceed to discuss the merits of their arguments. [Id. at 8.] Plaintiffs state that "[a]ny funds spent on improper delegation of [the police] power, and any funds spent to regulate that which is preempted by federal law, are wasted and will never be fully recovered." [Id. at 8-9.] Plaintiffs appear to conflate the likelihood of success on the merits, public interest, and balance of the equities.

The Court finds that the balance of equities does not favor injunctive relief. The harm to Plaintiffs, as discussed above, is speculative. The harm to the City if the preliminary injunction is granted, however, is more certain and more burdensome than that to Plaintiffs. The injunctive relief sought by Plaintiffs would constitute a severe interference with the City's ability to enforce its municipal ordinances. Balancing the harm to the City with the speculative injury to Plaintiffs, the Court finds that the balance of the equities tips in favor of Defendant.

Accordingly, the Court **DENIES** Plaintiffs' motion for a preliminary injunction.

## II.    Reset Trial and Related Dates

Plaintiffs also request that the trial and related dates be reset. [Doc. No. 69, Pl.'s Mot. at 15-16.] Plaintiffs state that the Superior Court granted the writ of administrative mandamus and struck the reverse condemnation cause of action. [Id. at 15.] Plaintiffs argue that because "[t]he remaining matters are intertwined with federal questions[,] . . . there is nothing left for the Superior Court to determine." [Id.]

The Superior Court denied Plaintiffs' fifth cause of action for writ of

prohibition, and entered judgment in favor of Defendant.  [Doc. No. 69-4, Ex. 2, Interlocutory Judgment at 6, 8-10.]  Related to the writ of mandamus claim, the Superior Court "remanded for further proceedings regarding the newly asserted violations and a reassessment of the penalties consistent with [its] ruling."  [Id. at 10.]  The Superior Court also stayed the remaining causes of action "until the administrative proceeding is completed."  [Id.]  Defendant argues that it "reconvened an administrative hearing as ordered by the Superior Court."  [Doc. No. 72, Def.'s Opp. at 9.]

From the information provided by the parties, it is unclear whether the Superior Court has resolved the state law claims.  First, the Superior Court's interlocutory judgment ordered the remaining causes of action to be stayed until the administrative proceeding is complete.  This Court is hesitant to proceed without clear indication that the Superior Court has resolved the state law claims.  This Court is also reluctant to interfere with the Superior Court's order that the City complete administrative proceedings regarding the newly asserted violations.  Although Plaintiffs argue that the Superior Court "ordered the City to set aside the February 15, 2011 Civil Penalty Administrative Enforcement Order," the language of the Superior Court's interlocutory judgment suggests that it ordered further proceedings consistent with its ruling.  [Doc. No. 69-4, Ex. 2, Interlocutory Judgment at 10.]

Second, although Plaintiffs list five federal claims that they argue are raised in their Fifth Amended Complaint, they fail to sufficiently explain how each of these claims is intertwined with a state law claim.  [Doc. No. 74, Pl.'s Reply at 5.] They even fail to identify with which state law claim each federal claim is related.

In light of the foregoing, the Court finds that it is improper at this time to reset trial and related dates, and **DENIES** Plaintiffs' motion.

/ / /

/ / /

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiffs' motion for a preliminary injunction.  The Court also **DENIES** without prejudice Plaintiffs' motion to reset trial and related dates.

**IT IS SO ORDERED.**

**DATED:**  May 31, 2013

**IRMA E. GONZALEZ**
**United States District Judge**

11cv1497