1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                      **SOUTHERN DISTRICT OF CALIFORNIA**

10   FLOYD L MORROW and                      CASE NO. 11cv1497-GPC(KSC)
     MARLENE MORROW, as taxpayers
11   of the City of San Diego, State of      **ORDER DENYING PLAINTIFFS'**
     California, and on behalf of those      **MOTION TO AMEND; DENYING**
12   similarly situated,                     **PLAINTIFFS' MOTION TO**
                                             **SUBSTITUTE PARTY DOE 1, DOE**
13                          Plaintiffs,      **2, AND DOE 3; AND DENYING**
                                             **PLAINTIFFS' MOTION FOR**
14        vs.                                **SANCTIONS WITHOUT**
                                             **PREJUDICE**
15
16   CITY OF SAN DIEGO, a charter city;      [Dkt. Nos. 80, 84, 95.]
     and DOES 1-100,
17
                           Defendants.
18

19        Before the Court is Plaintiffs Floyd and Marlene Morrow's motion for leave to

20   file a sixth amended complaint.  (Dkt. No. 80.)   Plaintiffs also filed a motion to

21   substitute Doe Defendants 1, 2 and 3 and a motion for sanctions pursuant to 28 U.S.C.

22   § 1927.  (Dkt. Nos. 84, 95.)  Oppositions were filed by Defendant City of San Diego.

23   (Dkt. Nos. 90, 91, 97.)   An opposition was also filed by proposed Defendants

24   University of San Diego and A. Michael Cutri.  (Dkt. No. 87.)  Plaintiffs filed replies.

25   (Dkt. Nos. 92,[1] 93, 94, 98.[2])  The motions are submitted on the papers without oral

26

27        [1]In their reply to their motion to amend, Plaintiffs filed a request for judicial
     notice of numerous documents that are mostly from the administrative record. (Dkt.
28   No. 92.)   The Court DENIES Plaintiffs' request for judicial notice as they are
     duplicative of documents already before the Court or not relied on in ruling on the

argument pursuant to Civil Local Rule 7.1(d)(1).   After a review of the briefs, supporting documentation, and the applicable law, the Court DENIES Plaintiffs' motion to amend and motion to substitute Doe Defendants.  The Court also DENIES Plaintiffs' motion for sanctions.

**Background**

Plaintiffs are a married couple and landowners in the City Heights community of the City of San Diego.  Plaintiffs are the owners of a duplex commonly known as 2804 and 2806 46th Street, San Diego, CA 92105, Assessor's Parcel Number 476-392-06 ("APN-06"). Since 2006, Plaintiffs have resided in one of the duplex units and have rented the other unit out to tenants.  Plaintiffs also own property to the north of APN-06, known as Assessor's Parcel Number 476-392-11 ("APN-11").  On June 3 and June 4, 2010, the City issued a Civil Penalty Notice and Orders (CPNOs) for land use violations existing on both APN-6 and APN-11.  As a result, on February 15, 2011, the Administrative Hearing Officer issued a Civil Penalty Administrative Enforcement Order (CPAEO) assessing penalties of $2,250.00; $9,000.00; $6,750.00; $15,750.00; $2,303.32 and requiring Plaintiffs to "develop" their property.  The amounts levied included penalties and administrative costs. (Dkt. No. 69–14, Dickerson Decl., Ex. 12, Fifth Am. Compl. ¶ 54, 55.)

On March 28, 2011, Plaintiffs filed their original complaint/petition in the San Diego Superior Court with case no. 37-3011-00088456-CU-EL-CTL. (Dkt. No. 1-1.) On July 6, 2011, the City removed the case to this Court. (Dkt. No. 1.)  After removal, Plaintiffs filed a second amended complaint to conform to the federal pleading requirements.  (Dkt. No. 7.)  On October 18, 2011, the Court granted Defendant's motion to dismiss the second amended complaint and granted Plaintiffs leave to amend.

---

motion.

[2]In their reply to their motion for sanctions, Plaintiffs filed a request for judicial notice of Exhibits 1-5, and 7 attached to the Reply Declaration of Malinda Dickenson. (Dkt. No. 98-1.)   The Court GRANTS Plaintiffs' request for judicial notice as to Exhibit No. 7 as it is related state court docket but DENIES Plaintiffs' request for judicial notice as to Exhibits 1-5 as they were not relied on in ruling on the motion.

[11cv1497-GPC(KSC)]

(Dkt. No. 20.)  Plaintiffs filed a third amended complaint on November 4, 2011.  (Dkt. No. 22.)  On January 11, 2012, this Court granted in part and denied in part the City's motion to dismiss the third amended complaint.  (Dkt. No. 30.)  On May 11, 2012, Plaintiffs filed a motion for leave to file a fourth amended complaint.  (Dkt. No. 40.)  On July 6, 2012, the Court granted in part and denied in part Plaintiffs' motion for leave to file a fourth amended complaint.  (Doc. 46.)  Plaintiffs filed the fourth amended complaint on July 9, 2012.  (Dkt. No. 47.)

On August 8, 2012, the City filed a motion for abstention.  (Dkt. No. 51.)  On September 25, 2012, the District Court denied the City's motion for abstention on the basis of the Younger doctrine but granted the City's motion for abstention on the basis of the Pullman doctrine and remanded the case to the Superior Court for the State of California, County of San Diego.  (Dkt. No. 61.)  The Court indicated it would retain jurisdiction if Plaintiffs made an England reservation pursuant to England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 421 (1964), preserving their right to return to federal district court to adjudicate federal questions.  On November 8, 2012, Plaintiffs preserved their right to federal district court adjudication of all federal questions by making their England reservation. (Dkt. No. 69-13.)

On December 7, 2012, the state court ordered Plaintiffs to file an amended complaint that conformed to this Court's rulings, and Plaintiffs filed their fifth amended complaint[3] on December 14, 2012.  (Dkt. No. 69-14.)

On February 1, 2013, the state court set a hearing on Plaintiffs' California Code of Civil Procedure ("CCP") section 1094.5 petition for writ of administrative mandamus ("1094.5 Writ") and Plaintiffs' CCP section 1102 petition for writ of prohibition ("1102 Writ") challenging the Order issued by the Administrative Hearing Officer on February 15, 2011.  (Dkt. No. 69-4 at 8-10.)  The state court denied the 1102 Writ, but granted the 1094.5 Writ.  The state court found that there were newly asserted code violations that were not contained in the June 3 and June 4, 2010 Civil Penalty

---

[3]In state court, this was the second amended complaint filed.

Notices and Orders and were not subject to any Civil Penalty Notice and Order. (Dkt. No. 69-4, Dickerson Decl., Ex. 2 at 9-10.)  Therefore, "the City did not proceed according to law and there was not a fair trial as to those issues and the findings are not supported by substantial evidence." (Id. at 10.)  Accordingly, the Court concluded that "plaintiffs shall have judgment directing that a writ of mandate issue remanding for further proceedings regarding the newly asserted violations and a reassessment of the penalties consistent with this ruling.  The remaining causes of action asserted by plaintiffs are stayed until the administrative proceeding is completed." (Id.)  On March 5, 2013, a Peremptory Writ of Mandate and an Interlocutory Judgment were filed which directed the City to set aside its February 15, 2011, Civil Penalty and Administrative Enforcement Order and within 60 days, the City is directed to reconsider the case regarding the newly asserted violations not made part of the June 3 or 4, 2010 Civil Penalty Notice and Order and reassess any penalties in a manner consistent with the court's ruling. (Dkt. No. 69-4.)  The Interlocutory Judgment only addressed the fifth cause of action in the second amended complaint for writ of prohibition under section 1102 and sixth cause of action for writ of mandamus pursuant to section 1094.5.

On April 26, 2013, Plaintiffs returned to federal court and filed an *ex parte* request for an alternative writ and/or temporary restraining order in this Court. (Dkt. No. 69.)  On April 30, 2013, the Court denied the Plaintiffs' *ex parte* application for alternative writ and/or temporary restraining order and set a hearing date on the motion for preliminary injunction. (Dkt. No. 71.)

Meanwhile, in the state court proceeding, on May 1, 2013 and May 28, 2013, the City held additional administrative proceedings via a contract executed by the City Council with the University of San Diego. (Dkt. No. 84-8, Dickenson Decl., Ex. 6 at 5.)  The City formally withdrew its three additional allegations and associated penalties for the three additional violations not included in the June 3 and 4, 2010 CPNO.  On June 14, 2013, Administrative Hearing Officer A. Michael Cutri, based on the City's

withdrawal of the additional allegations as to APN-06, assessed no civil penalties on Parcel APN-06. (Id. at 8.) However, civil penalties of $22,500 that were assessed on February 15, 2011 pertaining solely to parcel APN-11 remain in effect. (Id. at 8.) The Hearing Officer indicated that his jurisdiction was limited by the March 5, 2013 Peremptory Writ of Mandate which remanded the matter to consider the "newly asserted violations" pertaining to parcel APN-06 and related penalties. (Id.) Therefore, he stated that he lacked jurisdiction to reconsider or modify the civil penalties on parcel APN-11 that were assessed in the February 15, 2011 Administrative Order. (Id.) On June 24, 2013, the City filed a letter confirming the hearing officer's findings, and on June 26, 2013 the City filed a notice of compliance with peremptory writ of mandate. (Dkt. No. 84-7; 84-8.)

On May 31, 2013, this Court denied Plaintiffs' motion for preliminary injunction and denied without prejudice motion to reset trial and related dates as it was not clear whether the Superior Court had resolved the state law claims. (Dkt. No. 77.)

On July 12, 2013, Plaintiffs attempted to file an appeal pursuant to California Government Code section 53069.4 in state court. (Dkt. No. 90-2, Brock Decl., Ex. B, Reporter's Transcript of hearing held on Oct. 4, 2013 in the San Diego Superior Court case no. 37-3011-00088456-CU-EL-CTL at 18.) For some reason, the appeal never got filed. (Id.) Because it was not filed, Plaintiffs on September 13, 2013 filed another case: petition for writ of mandamus pursuant to CCP §§ 1085 and 1094.5 and *ex parte* application for alternative writ, and/or request for immediate stay by September 23, 2013 in case no. 37-2013-00067168-CU-MW-CTL. (Id.; Dkt. No. 90-2, Brock Decl., Ex. C.)

On August 25, 2013, Plaintiffs again returned to this Court and filed the instant motion to amend seeking leave to file a sixth amended complaint. (Dkt. No. 80.) On September 10, 2013, the case was transferred to the undersigned judge. (Dkt. No. 82.) On September 20, 2013, Plaintiffs filed a motion to substitute Doe Defendants. (Dkt. No. 84.) On November 1, 2013, Plaintiffs filed a motion for sanctions. (Dkt. No. 95.)

1    **Discussion**

2    **A.    Pullman[4] Abstention**

3    Plaintiffs seek leave to file a sixth amended complaint seeking to add Morrow

4    Mobiles as a real party in interest Plaintiff and to add additional causes of action.

5    Defendant opposes arguing that the state court action has not been concluded and it is

6    inappropriate to return to federal court at this time under the Pullman doctrine.

7    Pullman abstention is appropriate "only where (1) there are sensitive issues of

8    social policy 'upon which the federal courts ought not to enter unless no alternative to

9    its adjudication is open,' (2) constitutional adjudication could be avoided by a state

10   ruling, and (3) resolution of the state law issue is uncertain." Wolfson v. Brammer, 616

11   F.3d 1045, 1066 (9th Cir. 2010) (citation omitted).  The Court granted Defendant's

12   motion for a Pullman abstention and concluded that the three factors were met.

13   The question at this time is when may a litigant return to federal court after

14   having been remanded to state court under Pullman.  "Once Pullman abstention is

15   invoked by the federal court, the federal plaintiff must then seek a definitive ruling in

16   the state courts on the state law questions before returning to the federal forum." San

17   Remo Hotel v. City & Cnty. of San Francisco, 145 F.3d 1095, 1104 (9th Cir. 1998)

18   (citing Railroad Comm'n of Texas v. Pullman, 312 U.S. 643, 501-02 (1941)).  A

19   litigant may return to federal court once the state court issues a judgment or plaintiffs

20   file a dismissal.  See UPS, Inc. v. California Public Utilities Comm'n, 77 F.3d 1178,

21   1183 (1996) (state court judgment); Isthmus Landowners Ass'n, Inc. v. California, 601

22   F.2d 1087, 1089 (9th Cir. 1979) (stayed the federal action pending final determination

23   or dismissal of the state court action and in instant case, Plaintiffs filed a dismissal

24   without prejudice.)

25   Here, Defendants argue that the state court matter has not been fully adjudicated

26   so the case should not be returned to this Court.  According to Defendant, two claims

27

28
---
[4]Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941).

remain in the "Fifth Amended Complaint"[5]: first cause of action for declaratory relief and to enjoin illegal expenditure of public funds and fourth cause of action for writ of mandate pursuant to California Code of Civil Procedure section 1085.  Moreover, on September 16, 2013, Plaintiffs filed a petition for writ of mandamus pursuant to sections 1085 and 1094.5; *ex parte* application for an alternative writ and/or request for immediate stay by September 23, 2013 concerning the second hearing that was conducted in May 2013 and which resulted in a second Civil Penalty Notice on June 24, 2013.  (Dkt. No. 90-2, Brock Decl., Ex. 2.)

In response, Plaintiffs do not address the newly filed petition for writ of mandamus filed on September 16, 2013, which is in essence an appeal of the City's confirmation of the hearing officer's findings on June 24, 2013.  In their reply to their motion for sanctions, Plaintiffs state that on November 22, 2013, the state court dismissed the state action in case no. 37-2011-00088456-CU-EI-CTL and vacated all pending motion hearing dates.  (Dkt. No. 98-4, Dickenson Decl. ¶ 10, Exs. 7, 8.) According to the Dickenson declaration, the state court dismissed the action without prejudice subject to reinstatement should the district court not grant Plaintiffs' motion to amend and supplement.  (Id. ¶ 10.)

Plaintiffs assert that because the related administrative rulings are allegedly in their favor, they now seek to pursue their federal causes of action in this Court.  They assert that the City's attempt to impose an unconstitutional general revenue is preempted by "state and federal law" and they argue that the "abstention and remand has served its purpose: the City has formally withdrawn its claims relating to 'violations' and demands for exactions regarding Plaintiffs' home."  However, the standard under Pullman on when to return to federal court is not based on when Plaintiffs' believes they are ready to return to federal court but once the state law issues have been either ruled on, resolved or dismissed.

---

[5]On December 7, 2012, Plaintiffs were ordered to file a second amended complaint.

[11cv1497-GPC(KSC)]

Plaintiffs' England Reservation states the "Plaintiffs preserve their right to return to the United States District Court for the Southern District of California for disposition of remaining federal contentions after disposition of the questions of state law." (Dkt. No. 69-13 at 3.) Contrary to their arguments, Plaintiffs' England Reservation indicates that they will return to federal court after "disposition of the questions of state law." Moreover, in the prior Court's order denying Plaintiffs' motion to reset trial and related dates based on the fact that the Superior Court granted the writ of administrative mandamus and entered judgment in favor of Defendant on March 5, 2013, Judge Gonzalez noted that the Superior Court also remanded for further proceedings regarding the newly asserted violations and a reassessment of the penalties consistent with its ruling and stayed the remaining causes of action until the administrative proceeding is complete. (Dkt. No.77.)   The Court noted that it was "unclear whether the Superior Court has resolved the state law claims" and the Court "is hesitant to proceed without clear indication that the Superior Court has resolved the state law claims." (Dkt. No. 77 at 6.)  Similarly, at this time, there is no clear indication that the Superior Court has resolved the state law claims.  Recently, the docket in the 2011 petition reflects that an "OSC-Why Case Should Not be Dismissed" was set for November 22, 2013. (Dkt. No. 98-11, Dickenson Decl., Ex. 7.)  On November 22, 2013, the docket reflects that future motions and discovery hearings were vacated. (Id.) The state court docket does not state that the case has been dismissed and even if it were dismissed, there is no order or reasoning for the dismissal.  Consequently, this Court cannot determine whether the state court has resolved the state law claims.[6] Moreover, the second filed petition, which is in essence an appeal of the City's confirmation of the hearing officer's findings on June 24, 2013 based on the same underlying facts, is still pending.  Therefore, the Court finds it improper to rule on Plaintiffs' motion to amend and motion to substitute Doe Defendants at this time and

---

[6]Based on Plaintiffs' counsel's declaration, the state court dismissed the petition subject to reinstatement, if necessary, should this Court deny Plaintiffs' motion to amend.  Therefore, it appears that the state court has not resolved the state law claims.

[11cv1497-GPC(KSC)]

1  DENIES these motions without prejudice.

2  **B.    Motion for Sanctions**

3      Plaintiffs seek sanctions against Defendant in the amount of $4000.00 for the

4  time spent in bringing the motion for sanctions and filing a reply to the City's

5  opposition brief to Plaintiffs' motion to amend pursuant to 28 U.S.C. § 1927.

6  Defendant opposes.[7]

7  28 U.S.C. § 1927 provides:

8      Any attorney or other person admitted to conduct cases in any court of
       the United States or any Territory thereof who so multiplies the
9      proceedings in any case unreasonably and vexatiously may be required
       by the court to satisfy personally the excess costs, expenses, and
10     attorneys' fees reasonably incurred because of such conduct.

11  28 U.S.C. § 1927.

12      A crucial element for a fee award under this section is "bad faith."  In re Peoro,

13  793 F.2d 1048, 1051 (9th Cir. 1986).  "Section 1927 sanctions must be supported by

14  a finding of subjective bad faith, which is present when an attorney knowingly or

15  recklessly raises a frivolous argument, or argues a meritorious claim for the purpose

16  of harassing an opponent." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir.

17  2002) (citation omitted).  Thus, "[f]or sanctions to apply, if a filing is submitted

18  recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass

19  . . . . [R]eckless nonfrivolous filings, without more, may not be sanctioned." Id.

20  (quotations omitted).

21      Plaintiffs argue that the City has brought unsupported and unsubstantiated

22  accusations against Plaintiffs.  The City opposes. While Plaintiffs dispute certain

23  allegations of the City as unreasonable and vexatious, these alleged statements subject

24  to sanctions are merely Defendant's allegations in defense of its case.  Plaintiffs also

25

26      [7]In opposition, the City indicated that on November 6, 2013, the City gave notice
    to Plaintiffs' counsel that the City would file a motion requesting sanctions under
27  Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 if Plaintiffs' motion for
    sanctions was not withdrawn within 21 days as it is completely without merit.  The
28  Court notes that the 21 day "safe harbor" period applies to Rule 11 sanctions, not 28
    U.S.C. § 1927.  Plaintiffs only move for sanction under 28 U.S.C. § 1927.

[11cv1497-GPC(KSC)]

allege that the City also unnecessarily and without support impugned the Morrows' honor and respect for the rule of law by using phrases such as "ill-founded motives"; "unsubstantiated claims of 'delay, dilatory motives, and apparent bad faith misrepresentation of both law and fact advanced by the Morrows'"; "rather than succumb to the regulatory authority of the City over land within its jurisdiction;" and "Morrows' latest allegations are nothing more than a blatant attempt to circumvent the City's land use authority . . . ." The Court concludes that these allegations do not rise to the level of impugning Plaintiffs' honor.

This case involves many years of animosity between Plaintiffs and the City of San Diego over the City's code enforcement actions. In reviewing the motions filed by Plaintiffs and oppositions filed by Defendant and the history of the case, both parties have engaged in aggressive prosecution and defense of the case. Such conduct is not sanctionable under 28 U.S.C. § 1927.[8]

The Court concludes that Plaintiffs have not demonstrated bad faith, or reckless and frivolous conduct to warrant sanctions under 28 U.S.C. § 1927.

## Conclusion

Accordingly, the Court DENIES Plaintiffs' motion for leave to amend, and motion to substitute Doe Defendants without prejudice. The Court also DENIES Plaintiffs' motion for sanctions.

IT IS SO ORDERED.

DATED: December 4, 2013

HON. GONZALO P. CURIEL
United States District Judge

---

[8]Plaintiffs seek fees incurred in filing their reply to their motion to amend. Filing a reply was not a filing that they were required to respond based on an unnecessary or frivolous filing by the City. A reply is a necessary pleading in filings motions.