ORIGINAL

MPL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD L. MORROW and MARLENE MORROW,<br><br>　　　　　　　　　　　Plaintiffs,<br>v.<br>CITY OF SAN DIEGO, et al.,<br>　　　　　　　　　　　Defendants. | Case No.: 11cv1497-BAS(KSC)<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR AN ORDER COMPELLING PLAINTIFFS TO APPEAR FOR DEPOSITIONS;**<br><br>**ORDER DENYING PLAINTIFFS' REQUEST FOR A PROTECTIVE ORDER PRECLUDING DEFENDANT FROM TAKING THEIR DEPOSITIONS**<br><br>**[Doc. No. 136.]** |

　　　　Before the Court is a Joint Motion filed by the parties requesting that the Court resolve a discovery dispute as to whether plaintiffs should be required to appear for depositions noticed by defendant. [Doc. No. 136, at p. 1.] Defendant wants to take plaintiffs' depositions to question them about the facts supporting their one remaining claim alleging violations of their constitutional rights to equal protection. Plaintiffs argue that the Court should issue a protective order preventing defendant from taking their depositions, arguing that defendant has already completed enough discovery. [Doc.

No. 136, at p. 1.] For the reasons outlined below, the Court finds that defendant's request for an order compelling plaintiffs to appear for their depositions must be GRANTED and plaintiffs' request for a protective order precluding their depositions must be DENIED.

### *Background*

After a lengthy procedural history that is set forth in the parties' Joint Motion, the only remaining claim is the second cause of action in the Fourth Amended Complaint. The second cause of action is filed pursuant to Section 1983 and alleges violations of plaintiffs' constitutional rights to equal protection. [Doc. No. 132, at p. 3; Doc. No. 136, at p. 2, 8-9; Doc. No. 47, at pp. 27-30.] Essentially, the second cause of action alleges that defendant's code enforcement practices unconstitutionally targeted and cited plaintiffs for having a manufactured home on their property. [Doc. No. 136, at p. 4.]

### *Discussion*

Federal Rule of Civil Procedure 26 provides as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed.R.Civ.P. 26(b)(2)(C).

2

11cv1497-BAS(KSC)

1       Under Federal Rule of Civil Procedure 30(a)(1), "[a] party may, by oral questions, *depose any person, including a party, without leave of court* . . . ." Fed.R.Civ.P. 30(a)(1) (emphasis added). Defendant has represented that it wants to depose plaintiffs regarding the facts supporting their allegations in the remaining second cause of action claiming a violation of their constitutional rights to equal protection. [Doc. No. 136, at p. 4-5.] Defendant served plaintiffs with deposition notices, but they objected, declined to appear, and indicated they intended to request a protective order. [Doc. No. 136, at p. 3.]

      Plaintiffs argue that a protective order precluding their depositions is necessary to protect their rights to privacy, because defendant has already violated their privacy, as alleged in the Fourth Amended Complaint, so depositions would only be a further intrusion by the government. [Doc. No. 136, at p. 7.] Plaintiffs also claim it would be disproportional to the needs of the case if they are required to appear for their depositions. Specifically, they claim they have already "been subjected to more than three hundred (300) written discovery requests," so "[i]t is difficult if not impossible to imagine what else [defendant] could possibly need from [plaintiffs] that it does not already have access to." [Doc. No. 136, at p. 7.]

      As set forth above, defendant is entitled under Federal Rules of Civil Procedure 26(b)(1) and 30(a)(1) to take plaintiffs' depositions to question them about the facts supporting their remaining cause of action alleging violations of their constitutional right to equal protection. Having to sit for depositions in a case they filed is not overly burdensome or a violation of their privacy. Although plaintiffs allege that defendant has already pursued enough written discovery to prepare a defense, there is nothing to indicate defendant has previously taken plaintiffs' depositions. Therefore, the Court finds that defendant is entitled to an order compelling plaintiffs to appear for their depositions.

///

///

## ***Conclusion***

Based on the foregoing, IT IS HEREBY ORDERED that defendant's request for an order compelling plaintiffs to appear for their depositions is GRANTED. Plaintiffs' request for a protective order precluding their depositions is DENIED. Plaintiffs shall make themselves available for their depositions ***within 30 days of the date this Order is filed***. Plaintiff's counsel shall meet and confer with defense counsel to reach mutually convenient dates for plaintiffs' depositions. Defendant's request for monetary sanctions is DENIED at this time.

***Plaintiffs are forewarned that sanctions may be imposed against them under Federal Rule of Civil Procedure 37 if they fail to comply with this Order to appear for their depositions. Sanctions under Rule 37 may include the dismissal of this action***.

IT IS SO ORDERED.

Dated: March 24, 2017

Hon. Karen S. Crawford
United States Magistrate Judge