ORIGINAL

MPL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD L. MORROW and MARLENE MORROW,<br><br>                                Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                Defendants. | Case No.: 11cv1497-BAS(KSC)<br><br>**ORDER GRANTING MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE SPECIAL INTERROGATORIES [Doc. No. 137]** |

Before the Court is defendant's Motion for Determination of Discovery Dispute: Special Interrogatories and Request for Sanctions. [Doc. No. 137.]  In the Motion, defendant seeks an order compelling plaintiffs to provide substantive responses to fourteen (14) special interrogatories.  Plaintiffs only objected to these special interrogatories and did not provide any substantive responses.  Defendant represents that it was unable to obtain plaintiffs' cooperation to file this discovery motion jointly as required by Chambers Rules. [Doc. No. 137, at p. 2.]

### *Background*

After a lengthy procedural history, the only remaining claim is the second cause of action in the Fourth Amended Complaint. The second cause of action is filed pursuant to Section 1983 and alleges violations of plaintiffs' constitutional rights to equal protection.

1   [Doc. No. 132, at p. 3; Doc. No. 136, at p. 2, 8-9; Doc. No. 47, at pp. 27-30.] Essentially,

2   the second cause of action alleges that defendant's code enforcement practices

3   unconstitutionally targeted and cited plaintiffs for having a manufactured home on their

4   property. [Doc. No. 136, at p. 4.]

5   ### *Discussion*

6       Federal Rule of Civil Procedure 26 provides as follows: "Parties may obtain

7   discovery regarding any nonprivileged matter that is relevant to any party's claim or

8   defense and proportional to the needs of the case, considering the importance of the

9   issues at stake in the action, the amount in controversy, the parties' relative access to

10  relevant information, the parties' resources, the importance of the discovery in resolving

11  the issues, and whether the burden or expense of the proposed discovery outweighs its

12  likely benefit. Information within this scope of discovery need not be admissible in

13  evidence to be discoverable."  Fed.R.Civ.P. 26(b)(1).

14      "[A] party may serve on any other party no more than 25 written interrogatories,

15  including all discrete subparts. . . ."  Fed.R.Civ.P. 33(a)(1).  "An interrogatory may

16  relate to any matter that may be inquired into under Rule 26(b). . . ."  Fed.R.Civ.P.

17  33(a)(2).  "The grounds for objection to an interrogatory must be stated with specificity.

18  Any ground not stated in a timely objection is waived unless the court for good cause,

19  excuses the failure."  Fed.R.Civ.P. 33(b)(4).  "Boilerplate, generalized objections are

20  inadequate and tantamount to not making any objection at all."  *Walker v. Lakewood*

21  *Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).  Responses such as

22  "[o]verbroad, unduly burdensome, unduly redundant to other discovery, oppressive,

23  calls for narrative" . . . are general or boilerplate objections, which are not proper

24  objections."  *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 649–650

25  (C.D. Cal. 2007).  "An objection must show specifically how an interrogatory is overly

26  broad, burdensome or oppressive, by submitting affidavits or offering evidence which

27  reveals the nature of the burden."  *Chubb Integrated Systems Ltd. v. National Bank of*

28  *Washington*, 103 F.R.D. 52, 59–60 (D.D.C. 1984).

1    Here, plaintiff provided only boilerplate objections to defendant's special

2  interrogatories, such as unduly burdensome, vague, ambiguous, unreasonably

3  duplicative, cumulative, and disproportional.  [Doc. No. 137, at pp. 2-36.]  Plaintiffs

4  made no attempt to support their boilerplate objections with any explanation whatsoever.

5  As a result, the Court finds that defendant is entitled to an order compelling plaintiffs to

6  provide full and complete responses to defendant's special interrogatories without

7  objections.

8                                    ***Conclusion***

9    Based on the foregoing, IT IS HEREBY ORDERED that defendant's request for

10  an order compelling plaintiffs to provide full and complete responses to special

11  interrogatories is GRANTED.  Plaintiffs shall provide defendant with full and complete

12  responses to defendant's Special Interrogatory Nos. 1 through 14 ***within fifteen (15)***

13  ***days of the date this Order is filed***.  Defendant's request for monetary sanctions is

14  DENIED at this time.

15    ***Plaintiffs are forewarned that sanctions may be imposed against them under***

16  ***Federal Rule of Civil Procedure 37 if they fail to comply with this Order.  Sanctions***

17  ***under Rule 37 may include the dismissal of this action***.

18    IT IS SO ORDERED.

19  Dated: March 24, 2017

20

21                                    Hon. Karen S. Crawford
                                      United States Magistrate Judge
22

23

24

25

26

27

28