# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD L. MORROW, *et al.*, | Case No. 11-cv-01497-BAS-KSC |
| Plaintiffs, | **ORDER DENYING MOTION TO CERTIFY CLASS** |
| v. | **[ECF No. 143]** |
| CITY OF SAN DIEGO, *et al.*, | |
| Defendants. | |

Plaintiffs move to certify a class of "all persons subjected to the CDBG Proactive Code Enforcement Project (the Project)." (ECF No. 143.) The City of San Diego ("the City") opposes, arguing the Plaintiffs were not subjected to the Project and are thus not members of the proposed class. (ECF No. 144.) Because the Court finds the named Plaintiffs' claims are not "typical" of the proposed class and the representation lacks "adequacy," the Court **DENIES** Plaintiffs' Motion for Class Certification (ECF No. 143).

//

//

## I. STATEMENT OF FACTS

### A. Request for Judicial Notice

As a preliminary matter, Plaintiffs request that the Court take judicial notice of: (1) what purports to be a deposition transcript of Robert Vacchi, (2) several San Diego Municipal Code sections, (3) a pleading labelled "Defendant City of San Diego's Amended Response to Plaintiff Floyd Morrow's Interrogatories (Set One)," and (4) memoranda that purport to be from the Deputy Director of the Neighborhood Code Compliance Division to the Community Development Block Grant Coordinator from 2010 and 2011. (ECF No. 143-2.) The City objects to the first and the last of these items as improper subjects of judicial notice. (ECF No. 144-1.)

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Although the submitted deposition and memoranda are ultimately non-dispositive of the Court's ruling in this Order, the Court agrees that the requested items are not proper subjects of judicial notice. Thus, the Request for Judicial Notice is **DENIED**.

### B. Allegations of Proactive Enforcement

In the Fourth Amended Complaint ("4AC"), which is the operative Complaint in this case, Plaintiffs allege that on November 5, 2009, a Memorandum of Understanding ("MOU") was reached between the Economic Development Division's Community Development Block Grant ("CDBG") Program and the Neighborhood Code Compliance Division ("NCCD") in San Diego. (4AC ¶ 29, ECF No. 47.) "The City purports to be authorized and empowered [by this MOU] to 'target blight in certain areas' of the City, including City Heights and other low to moderate income areas, by seeking out and prosecuting property owners and residents in those certain areas." (*Id.*) Plaintiffs allege that the City prosecutes only

residents in low to moderate income neighborhoods pursuant to the City's "CDBG Proactive Code Enforcement Project" (*Id.* ¶ 89.)

Plaintiffs claim that throughout the City of San Diego, Defendants typically only investigate and prosecute code violations "reactively," but with respect to certain census tracts only, Defendants investigate and prosecute these code violations "proactively." (4AC ¶ 97.) "By targeting residents for 'proactive' enforcement only in certain census tracts, Defendants have denied Plaintiffs and all the members of the putative [class] equal protection of the laws." (*Id.*)

### C. Plaintiffs' Code Violations

Although Plaintiffs allege that they "are members of [the putative class] and were, like all [class] members, discriminated against and arbitrarily classified based on wealth" (4AC ¶ 98), the City submits a Declaration of Michael Richmond that states to the contrary. (ECF No. 144-2 ("Richmond Decl.").) According to Mr. Richmond, he is currently the Deputy Director for the Code Enforcement Division for the City of San Diego, and he was previously the Zoning Investigator for grading violations and environmentally sensitive lands in San Diego. (*Id.* ¶ 1.)

On August 1, 2007, well before any MOU ostensibly targeting low income neighborhoods for blight was signed, Mr. Richmond states he noticed a grading violation on Plaintiffs' lot. (Richmond Decl. ¶ 2.) He took photographs of what he perceived to be illegal grading. (*Id.* ¶ 6, Exs. A & B, ECF No. 144-3.) He then referred the grading violations he observed to the City's NCCD for further investigation and enforcement. (Richmond Decl. ¶10-2.)[1]

Because of heavy case loads, a zoning investigator was not assigned to this reported violation until January 2009. (Richmond Decl. ¶ 11-2.) However, this time

---

[1] The paragraphs in Mr. Richmond's Declaration appear to be misnumbered, resulting in paragraphs with duplicate numbers of 10, 11, and 12. The Court references the second paragraph 10 as 10-2.

too was well before any proactive enforcement of blight through the CDBG and NCCD MOU, which was allegedly signed in November 2009. (4AC ¶ 29.)

According to Mr. Richmond, "[i]dentification of grading violations in 2009 were not, and never have been, considered part of a 'proactive code enforcement' program." (Richmond Decl. ¶ 10.) This is true whether or not the grading violation was or was not in an area that was eventually funded by CDBG revenue for "proactive enforcement." (*Id.* ¶ 11.) Furthermore, Mr. Richmond states, "[a]t no time during my employment as a Zoning Investigator and grading expert was my position considered a 'proactive' code enforcement position, . . . [n]or was any of the work I performed ever funded by CDBG funds as part of a 'proactive' code enforcement program." (*Id.* ¶ 13.)

## II. ANALYSIS

### A. Requirements for Class Certification

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)). In order to justify a departure from that rule, a party seeking class certification must satisfy all the requirements under Federal Rule of Civil Procedure 23(a) and at least one of the categories in Rule 23(b). *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010). The party seeking certification must prove that the evidence "more likely than not establishes each fact necessary to meet the requirements of Rule 23." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3rd Cir. 2008).

"Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable [numerosity]; (2) questions of law or fact [must] exist that are common

to the class [commonality]; (3) the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class [typicality]; and (4) the representative parties [must] fairly and adequately protect the interests of the class [adequacy]." *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 443 (N.D. Cal. 2008) (citing Fed. R. Civ. P. 23(a)). A plaintiff must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b). In this case, Plaintiffs seek certification under Rule 23(b)(3), which requires that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b)(3).

The district court must perform a "rigorous analysis" to ensure that all of these prerequisites have been met. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) (citing *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). Although "it is improper to advance a decision on the merits to the class certification stage," *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 480 (9th Cir. 1983), "the merits of the class members' substantive claims are often highly relevant" to the class determination, and " 'a district court *must* consider the merits' if they overlap" with the Rule 23 requirements, *Wang*, 737 F.3d at 544 (quoting *Ellis*, 657 F.3d at 981) (emphasis in original). Thus, the court must resolve any factual disputes relevant to the class certification inquiry. *Ellis*, 657 F.3d at 983. It is not enough for the court to simply find that the plaintiff has admissible evidence that supports class certification, the court must also find that evidence to be persuasive. *Id.* at 982.

Because this Court finds that Plaintiffs fail to show that they can meet either the "typicality" or the "adequacy" requirements, and that this failure is ultimately dispositive of the class certification motion, the Court addresses these two factors alone.

### B.     Typicality and Adequacy

To satisfy Rule 23(a)(3), Plaintiffs' claims must be typical of the claims of the proposed class. Typicality requires only that the named plaintiffs' claims "are

reasonably coextensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct with is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted).

However, "class certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.' " *Hanon*, 976 F.2d at 508 (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)). If the named plaintiffs' "unique background and factual situation requires [them] to prepare to meet defenses that are not typical of the defenses which may be raised against other members of the proposed class," there is no "typicality." *Id.*

In addition, "[w]hether the class representatives satisfy the adequacy requirement depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representative and absentees, and the unlikelihood that the suit is collusive." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010).

Plaintiffs in this case seek to certify a class of individuals subjected to the CDBG Proactive Code Enforcement Project that they allege was begun with an MOU in November 2009. (4AC ¶ 29.) However, real questions have been raised in this case as to whether the named Plaintiffs were subjected to this Project. Mr. Richmond submits a declaration that Plaintiffs' zoning problems began in 2007 and were never the result of any proactive code enforcement. Plaintiffs, in response, offer no competent evidence to contradict this declaration. In their Reply, they highlight that their Fourth Amended Complaint is verified and "alleges [they] were, in fact, subjected to 'proactive' enforcement under the Project." (ECF No. 145 at 1:23–25.) But the two paragraphs Plaintiffs cite to in their Reply are alleged on information and

belief, and the verification appended to their pleading excludes "those matters which are therein alleged on information and belief." (4AC ¶¶ 19, 29, Verification.) Thus, these allegations do not contradict Mr. Richmond's declaration. *See, e.g.*, *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 n. 3 (9th Cir. 1989); *Hardy v. 3 Unknown Agents*, 690 F. Supp. 2d 1074, 1084 (C.D. Cal. 2010).

Moreover, regardless of whether or not Mr. Richmond's statements are true, his declaration raises unique defenses that would not be applicable to class members who were clearly subjected to the Proactive Code Enforcement Project after November 2009. Because the named Plaintiffs will necessarily have unique factual circumstances that will require them to meet defenses that are not typical of other potential class members, their claims are not typical, and the motion for class certification must fail.

Furthermore, Plaintiffs' counsel offers no evidence of her qualifications to represent the class in this case. And, as discussed above, the named Plaintiffs' unique defenses could put them in a situation where they are willing to compromise the interests of the class because they may not have been subjected to the Proactive Code Enforcement Project at issue. Hence, the Court finds the adequacy requirement is also not satisfied.

## III. CONCLUSION

Plaintiffs fail to meet their burden to show that all the requirements in Rule 23(a) are met. Specifically, they fail to show that their claims are typical of the class or that they will adequately represent the class. Therefore, the Court **DENIES** Plaintiffs' Motion for Class Certification (ECF No. 143).

**IT IS SO ORDERED.**

**DATED: June 5, 2017**

Hon. Cynthia Bashant
United States District Judge