# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD L. MORROW, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO, *et al.*, <br><br> Defendants. | Case No. 11-cv-01497-BAS-KSC <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> **[ECF No. 146]** |

The City of San Diego ("City") brings this Motion to Dismiss arguing: (1) Plaintiffs have not been diligent in pursuing their claim as evidenced by a late filing of a class certification motion, (2) the Court should issue a terminating sanction for Plaintiffs' violation of the Court's March 27, 2017, discovery order, and (3) the Court should enter a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons discussed below, the Court **DENIES** this Motion.

//

//

# I. DUE DILIGENCE AND CLASS CERTIFICATION MOTION

On March 6, 2012, this Court issued a scheduling order requiring Plaintiffs to file a motion for class certification by October 5, 2012. (ECF No. 36.) Before that deadline was reached, upon motion of the City, the Court agreed to abstain from adjudicating Plaintiffs' claims and remanded the action to the San Diego Superior Court, retaining jurisdiction of Plaintiffs' federal claim if Plaintiffs made an "England" reservation and the claim was not mooted in the state court action. (ECF Nos. 51, 61.)

The state case proceeded, Plaintiffs made an "England" reservation, and their federal claim was not mooted in the state action. Thus, on August 2, 2016, this Court issued an order finding that abstention was no longer appropriate and ordering the parties to meet with Magistrate Judge Crawford for a case management conference. (ECF No. 132.) Judge Crawford issued a second scheduling order requiring that all pretrial motions, including those addressing *Daubert* issues, be filed by June 5, 2017. (ECF No. 135.) The order was silent on the issue of a class certification motion. On April 8, 2017, Plaintiffs filed a Motion for Class Certification, which the Court has denied. (ECF Nos. 143, 147.)

The City argues the Motion for Class Certification violated the original scheduling order and the delay merits dismissal. The Court disagrees. The Court granted the City's motion for abstention before the original class certification deadline was reached. Plaintiffs could not move forward with this case because, at the behest of the City, the Court had ordered that the case could not go forward. The City has failed to demonstrate any lack of diligence on the part of Plaintiffs and thus the Motion on this ground must fail.

# II. DISCOVERY SANCTIONS

On December 28, 2016, the City brought motions to compel Plaintiffs to sit for their depositions and to order Plaintiffs to respond to interrogatories. (ECF Nos.

136, 137.) Judge Crawford granted the motions, ordering that Plaintiffs make themselves available for depositions within thirty days of the order and respond to the interrogatories with full and complete responses within fifteen days of the order. (ECF Nos. 140, 141.) Judge Crawford also denied the City's request for monetary sanctions. (ECF Nos. 140, 141.)

The Plaintiffs did apparently sit for their depositions and file responses to the interrogatories. The City attaches the responses and Mr. Morrow's deposition transcript to its Motion. (ECF Nos. 146-4, 146-5.) However, the City complains that the responses to the interrogatories are largely irrelevant, incomplete, or evasive and non-responsive and that Mr. Morrow failed to answer questions directly in "feigning an ability to understand, pleading 'deafness', or simply showing signs of mental incompetency." (ECF No. 146.)

Rule 37 of the Federal Rules of Civil Procedure provides that a party who fails to attend a deposition or answer interrogatories may be subject to sanctions. These sanctions can include monetary sanctions, as well as (i) directing that designated facts be taken as established or (ii) prohibiting the disobeying party from supporting or opposing designated claims or defenses or from introducing designated matters at the trial. Fed. R. Civ. P. 37(b)(2)(A). The sanctions can also include dismissal of the action. *Id.*

However, "Rule 37(b)(2) requires that 'any sanction [imposed pursuant to it] must be just.'" *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1340 (9th Cir. 1985) (alteration in original) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). Thus, given its severity, the sanction of "[d]ismissal . . . is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (quoting *United States v. Kahaluu Const.*, 857 F.2d 600, 603 (9th Cir. 1988)).

Although Plaintiffs' responses are certainly not a paragon of clarity and may warrant limiting their ability to introduce evidence at trial, the City fails to show extreme circumstances and that the unclear responses are the result of willfulness, bad faith, or fault. Therefore, the Court finds that the ultimate sanction of dismissal is not appropriate in this case.

### III.  RULE 12(c)

The City finally moves, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings. The City argues that Plaintiffs fail to allege sufficient facts for a "class of one" equal protection claim.[1]

"Judgment on the pleadings [pursuant to Rule 12(c)] is properly granted when there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Id.* A motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6): the district court may dismiss "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

"The Equal Protection Clause ensures that 'all persons similarly situated should be treated alike.'" *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)), *overruled on other grounds by Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2005). "The equal protection guarantee protects not only groups, but individuals who would constitute a 'class of one.'" *Id.* (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Where state action does not implicate a fundamental right or

---

[1] The City argues that Plaintiffs also fail to state a class claim. The Court has already denied Plaintiffs' Motion for Class Certification, so the Court need not address this argument.

a suspect classification, plaintiffs can establish a "class of one" equal protection claim by showing that they have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* "Where an equal protection claim is based on 'selective enforcement of valid laws,' a plaintiff can show that the defendants' rational basis for selectively enforcing the law is a pretext for 'an impermissible motive.' " *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187–88 (9th Cir. 1995)). However, "[d]isparate government treatment will survive a rational basis scrutiny as long as it bears a rational relation to a legitimate state interest." *Id.* (internal quotation marks omitted).

In this case, Plaintiffs allege that the City targets residents for "proactive enforcement" only in low-income census tracts. (Fourth Amended Complaint ("4AC") ¶¶ 97, 98, ECF No. 47.) Plaintiffs claim this selective enforcement against those in low-income census tracts is done with discriminatory purpose because low-income tract residents "would be the least likely to be able to challenge Defendants' conduct and would be [the] most likely to be forced to pay fines and penalties and/or lose and/or surrender their homes." (*Id.* ¶ 105.) Plaintiffs allege that the cost of challenging the City's citations is often prohibitively expensive, and thus the City targets residents who cannot afford these expenses to generate revenue. (*Id.* ¶¶ 105, 107).

The City argues these allegations do not give it fair notice of the claim the Plaintiffs are asserting. The City attempts to introduce Plaintiff Floyd Morrow's testimony in support of its argument. The Court is unpersuaded. The claim in the Fourth Amended Complaint is sufficient to give the City notice of the grounds for the claim, and the City's use of Mr. Morrow's testimony is not appropriate in a motion for judgment on the pleadings. If the City wishes to rely on evidence outside the Complaint, it should bring a motion for summary judgment, but its request to adjudicate Plaintiffs' claim under Rule 12(c) is not well founded.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the City's Motion to Dismiss. (ECF No. 146).

**IT IS SO ORDERED.**

**DATED: June 5, 2017**

Hon. Cynthia Bashant
United States District Judge